# Pruitt v. McWhorter.

*Bill in Equity for Settlement of Partnership Accounts.*

1. *Exceptions to register's report.*—Exceptions to the register's report, on the statement of an account, if not accompanied by a note of the evidence relied on to support them (Rule No. 93; Code, p. 174), may be overruled.

2. *Original documents; how brought to appellate court.*—Original books and papers may be sent up to this court for inspection, by order of the court below (Rule No. 20; Code, p. 157); but this does not authorize their omission from the transcript as a part of the record; and while the parties may, by agreement of record (71 Ala. IV.), omit from the transcript such parts of the proceedings as are deemed immaterial to the proper consideration of the questions presented by the appeal, there is no rule of practice which authorizes the omission, by agreement, of documents deemed material, and the substitution of the originals for the consideration of this court.

APPEAL from the Chancery Court of Lowndes.
Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by McCormick Pruitt, against R. S. McWhorter, and sought a settlement of the accounts of a partnership in merchandizing, which had existed between the parties under the name of McWhorter & Pruitt. After answer filed, the chancellor ordered a statement of the accounts by the register; and several exceptions to his report, as to contested items in the account, were reserved by each of the parties. The chancellor overruled all of the complainant's exceptions, eight in number, and all of the defendant's except one; and

[Pruitt v. McWhorter.]

the report being corrected as to this item, and confirmed, he rendered a decree against the complainant, in favor of the defendant, for $218.76, the balance ascertained to be due on the statement of the account. The complainant appeals from this decree, and here assigns it as error, together with the overruling of each of his exceptions to the register's report. There is an agreement of record, entered on the transcript, in these words: "It is agreed by the solicitors of both parties in this case, that the transcript made out by the register contains all the material orders, pleadings, and matters of evidence had in said cause, except those particular papers and instruments agreed to be left out of the same; and except the two books of. account, called exhibits A and B respectively, which, it is. agreed, may be carried before the Supreme Court, for separate inspection on the review of the same."

WATTS & SON, and G. COOK, for appellant.

R. M. WILLIAMSON, and W. R. HOUGHTON, contra.

SOMERVILLE, J.—We have examined the testimony contained in this record with great care, and can discover no error prejudicial to the appellant. The assignments of error are all based upon exceptions taken to the register's report. The findings of the register, so far as approved by the chancellor, seem to be sustained, in most cases, by a preponderance of. the evidence. In no instance can we clearly see that any one of the exceptions is well taken. Many of these exceptions, moreover, are not taken in accordance with the requirements of the 93d Rule of Chancery Practice.—Code, 1876, p. 174; *Mooney v. Walter*, 69 Ala. 76; *Crump v. Crump*, *Ib.* 156; *Vaughan v. Smith*, *Ib.* 92.

We can not look to the original books of partnership accounts, which are omitted from the transcript; and are agreed to be sent up to this court as a part of the testimony in the cause. There is no rule of practice which authorizes material evidence, relied on as testimony, in support of exceptions taken or otherwise, to be omitted from the regular transcript, and substituted by the original papers, transmitted to this court as evidence by agreement of counsel.

The 20th Rule of Practice authorizes the transmission of original papers to the appellate court, only when, in the opinion of the judge, or chancellor, it is deemed necessary, for some special reason, that they should be inspected by the judges of this court. It is only when the proper order is made that such papers can be considered by us, "in connection with the transcript of the proceedings."—Rule of Practice No. 20; Code,

[Lewis v. Bruton.]

1876, p. 157. This rule, it is obvious, does not authorize the omission of such papers or documents from the transcript. They should be copied there, in all cases, where they constitute material testimony, whether the originals are transmitted to the appellate court or not.

It is equally manifest that the Rule of Practice adopted by this court on April 25th, 1878, was not designed to cover a case of this kind. It was intended to authorize, by agreement of counsel, the abbreviation of records, brought to this court on appeal, by the omission of all irrelevant or redundant matter,— evidence which might be deemed by counsel to be unnecessary to be considered by this court, in deciding the particular questions brought up for review. This can be done by written agreement of counsel, "specifying what part of the proceedings shall be inserted in the transcript."—Rule of Pr. No. —; 71 Ala. p. IV.

The decree is affirmed.