# Wright *v.* Dunklin.

*Bill in Equity by Distributee, for Removal and Settlement of Administration of Insolvent Estate.*

1.  *Order for transmission of original papers to this court.*—On bill filed to remove the administration and settlement of a decedent's estate into equity, the original file of papers in the Probate Court relating to the estate being offered in evidence, but not copied as exhibits, and being objected to as evidence; the chancellor, not having ruled on their admissibility as evidence, has no power to order that they be sent to this court for inspection as a part of the record (Rules of Practice, No. 20; Code, p. 157); and not being copied into the transcript, this court can not consider them for any purpose.

[Wright v. Dunklin.]

2. *Claims against insolvent estate; when barred by statute of limitations.* Claims which have been allowed against an insolvent estate, though without contest, and on which dividends have been declared and paid, are raised to the dignity of judgments, and are not barred until after the lapse of twenty years.

3. *Insolvent estate; when distributee may seek account and settlement in equity against administrator.*—The distributees of an estate which has been declared insolvent can not maintain a bill in equity against the administrator, for an account of assets not collected, or not distributed, without showing that a surplus will remain after the claims of creditors have been paid in full, or that the unpaid claims are barred.

4. *Dismissal of bill in vacation.*—When a bill is dismissed in vacation, under a submission in term time on pleadings and proof, it is not necessary that the complainant should be allowed an opportunity to amend, unless the dismissal is based on some amendable defect. (*Massey v. Modawell*, 73 Ala. 421, declared modified in this respect by *Goodlett v. Kelly*, 74 Ala. 213).

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 2d June, 1884, by Mrs. Carrie Wright, a married woman, suing by her next friend, against D. G. Dunklin and Thomas J. Burnett, as administrators of the estate of Francis M. Burnett, deceased, who was the complainant's father; and sought to compel an account and settlement of their administration. The cause being submitted for final decree, on pleadings and proof, the chancellor rendered a decree in vacation, dismissing the bill; and this decree is now assigned as error. The opinion states all the facts material to an understanding of the points decided.

J. F. STALLINGS, for appellant.

GAMBLE & RICHARDSON, *contra.*

STONE, C. J.—F. M. Burnett died in December, 1860, and in January, 1861, D. G. Dunklin and T. J. Burnett were appointed administrators of his estate. In 1866 the estate was declared insolvent, and the administrators made a settlement of their administration up to that point. No succeeding administrator being elected or nominated by the creditors, the Probate Court continued them in the trust and office of administrator.—Code of 1876, §§ 2560, *et seq.*

In June, 1884, the present bill was filed by the female complainant, sole living descendant of F. M. Burnett, deceased, against the administrators, and seeks to transfer the administration to the Chancery Court, and to have the settle-

. [Wright v. Dunklin.]

ment made there. On the trial, the complainant offered in evidence the entire file of the original papers pertaining to the administration, as they were found in the Probate Court, and offered no other testimony of their contents. The defendants had it noted in the note of testimony, that they reserved "exceptions to entire file of probate papers as evidence by complainant." The chancellor did not rule on the admissibility of this file as testimony, but dismissed the bill on the merits.

At a subsequent term, and after the appeal to this court had been taken, the complainant filed a written motion in the Chancery Court, which was responded to by the chancellor in the following order:

"On application of complainant in the above stated cause, it is ordered by the court, that the file of papers from the Probate Court of Butler county, Alabama, in the estate of F. M. Burnett, deceased, and which were introduced in evidence on the trial of said cause in the Chancery Court of said county, be withdrawn from the file of papers in said Chancery Court in said cause; and the register of this court is ordered not to copy any of said papers in the transcript of proceedings sent up from this court to the Supreme Court. It is further ordered, that the judge of probate of Butler county deliver said file of papers to J. F. Stallings, one of the solicitors in said cause, and take his receipt for the same, and that the said Stallings deliver the said papers to the clerk of the Supreme Court of Alabama, and take his receipt for the said file of papers, that the same may be considered with the transcript by the Supreme Court on the hearing of said cause in said court. It is further ordered, that after said cause has been considered by the Supreme Court, and decree rendered therein, that the clerk of said court deliver said papers to J. F. Stallings, or to the judge of probate of Butler county, on his written application. It is further ordered, that the papers so delivered to said Stallings shall be marked in red ink on the face of each paper, under the direction of the probate judge of Butler county, before delivered to him. This rule is made in accordance with the provision of Rule 20 of court and practice, it having been made known to the court by counsel that it is necessary or proper that the original papers in said cause shall be inspected in the Supreme Court."

The transcript sent up, in obedience to this order, contains no copy of any paper in said file; but in their stead we find

a bundle of papers of alarming bulk, purporting to be the entire original, probate-court papers, pertaining to the administration of said estate.

We can not look to this file of papers, for many reasons. They were not original papers in the Chancery Court, and hence did not fall within the influence of Rule 20, Practice in Supreme Court, as numbered in the Code of 1876; Rule 23, Code of 1886. They were improperly received in evidence in the Chancery Court; and as to most of the documents and papers brought from the Probate Court, it would seem that the original papers were sought to be used, as a less expensive mode of getting them before the court, than a certified transcript would have been. This is not permissible.—*Pruitt v. McWhorter*, 74 Ala. 315. One court has no authority, as a rule, to require the production of documents or papers of file in another court, even before itself, in the ordinary routine of judicial administration. The reason is still more manifest, that such order should not be made, for such production before some other court, entirely beyond the control of the court making the order. The safety of records, which the law expects and exacts, would be greatly imperiled by such practice. Many other reasons might be urged for this ruling, not the least potent of which is, that the final records of this court should show the facts as they exist, on which our judgments are pronounced. We must, then, pronounce our judgment in this case on the transcript proper, without reference to the file of probate court papers.

In the light of the foregoing ruling, we are forced to consider this case on a very imperfect statement of facts. Enough is shown, however, to justify us in affirming the following conclusions of fact, as established by the pleadings and testimony: That the estate was declared insolvent, and a settlement of the anterior administration had in 1866, and no irregularity is charged or shown in these proceedings; that two partial settlements were subsequently made—one in 1868, and the other in 1871—at which certain debts were considered and allowed as proper claims against the estate, and upon which dividends were, in each settlement, decreed to be paid, some of which are affirmatively shown to have been paid, and it is nowhere claimed that any of them remain unpaid; and that no final settlement of the administration has been had. It is not shown precisely what per cent. of the ascertained debts was decreed to be paid in either of said settlements, but enough is shown in the testimony to au-

[Wright v. Dunklin.]

thorize the finding that not much more than thirty per cent., if so much, was decreed to be paid on the debts in both settlements. This will leave two-thirds of the debts of the estate unpaid, after allowing credit for both disbursements.

Neither the original bill, nor any of its amendments, avers that all the debts of the estate have been paid; nor is it averred that, if all the debts were collected, which the bill charges could have been collected with proper diligence, there would then be a surplus over and above the debts. That is not the theory on which the bill is framed. It asks relief on the alleged ground, that certain moneys are in the hands of the administrators undisbursed; that certain other collectible dues of the estate were lost by the want of diligence on the part of the administrators; that the debts of the estate are all now barred and non-collectible; and that consequently the balance in the hands of the administrators, and such additional sum as they could have collected with proper diligence, should rightly be decreed to complainant, as sole surviving distributee of her father's estate.

As to the dues which the bill charges were collectible, and were lost by the *laches* of the administrators, much testimony was taken. There is an utter failure of proof that any of said claims could have been collected, while there is strong proof of diligence in the effort to collect, and that none of said claims, which were reported insolvent, could have been collected. The entire testimony tends to show the best of faith and intentions on the part of the administrators, while there is nothing to raise the imputation of self-seeking, or fraudulent design, in anything they did.

Were the debts barred? We have shown that there were two partial settlements, and dividends declared in each. Before doing so, it was necessary that the court should ascertain what were lawful claims against the estate, and their several amounts. These ascertained amounts were the basis for declaring dividends. The statutes are very specific in giving directions to be observed in such contestations.—Code of 1876, §§ 2568 *et seq.*; Code of 1886, §§ 2238 *et seq.* Ascertaining the justice and amounts of such claims, and making them the basis of decreeing dividends, takes them out of the category of mere contract debts, and raises them to the dignity of judgments. This is shown in the fact that from the judgment, allowing or rejecting a claim preferred against an insolvent estate, an appeal may be prosecuted, as from other final judgments. The debts of the estate were

21

not barred when the bill was filed, nor are they yet barred.

The bill and the amendments fail to make a case for equitable relief, because they fail to show that there will be a surplus for the distributee after the payment of the debts. *McMillan v. Rushing*, 80 Ala. 402. And the proof, as we have shown, falls far below the averments of the bill in making a case for favorable consideration.

It is further claimed by the appellant, that the chancellor erred in refusing to allow the amendment, which was offered on the day the cause was submitted for final decree. The testimony had then been taken and published, and it contained no evidence showing the truth of the averments in the amendment offered. The statute does not compel the allowance of an amendment thus offered.—*Gilmer v. Morris*, 80 Ala. 78, 88; *Morton v. N. O. & S. Railway Co.*, 79 Ala. 590; *Smith v. Coleman*, 59 Ala. 260.

It is also contended, that the chancellor erred in dismissing the bill in vacation, without giving complainant leave to amend. That doctrine is, perhaps, authorized by what is said in *Massey v. Modawell*, 73 Ala. 421. The present case was submitted on pleadings and testimony for final decree, and held for decree in vacation. In such case, it is not error to pronounce the decree in vacation, without granting to complainant leave to amend, unless the dismissal is based on some amendable defect.—*Gilmer v. Wallace*, 75 Ala. 220; *Gilmer v. Morris, supra*. If the dismissal be on demurrer, and for a defect that can possibly be amended, then it is error to dismiss in vacation, without allowing complainant an opportunity to amend.—*Conner v. Smith*, 74 Ala. 115, and authorities cited.

*Massey v. Modawell* is modified, and must be controlled by *Goodlett v. Kelly*, 74 Ala. 213.

Other questions might be discussed, but we deem it unnecessary.—*Moore v. Winston*, 66 Ala. 296.

Affirmed.