# Thomason *et al.* v. Lewis.

## *Action of Trover.*

1. *Action of trover; maintainable by holder of legal title against purchaser under mortgage from vendee in a conditional sale.*—Where, in a conditional sale of personal property, the vendor expressly reserves the legal title thereto until notes for the purchase money are paid, and the vendor transfers these unpaid notes, agreeing to retain the legal

[Thomason *et al.* v. Lewis.]

title to the property for the benefit and protection of his transferees, and said transferees recovered judgment on said notes against the vendee, which judgment was not paid, the vendor can maintain, for the use of his transferees, an action of trover against the purchaser of said property at a sale under a mortgage, which was executed by the vendee after the delivery of the property to him, but without having paid the purchase money notes; such purchaser having bought the property subject to the legal title held by the original vendor.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This was an action of trover, brought by E. M. Lewis, for the use of Matthews & Whiteside, against R. P. Thomason and the Thomason Grocery Company; and sought to recover for the wrongful conversion of an engine and boiler. The said engine and boiler had been sold by E. M. Lewis to Ellis & Strong, who gave notes for the purchase price, the title to the property being retained by said Lewis until the notes were paid in full. The complaint averred that the notes were duly transferred and assigned to Matthews & Whiteside by E. M. Lewis, the latter agreeing to hold the title to the said engine and boiler for the use of said Matthews & Whiteside until said notes were paid in full.

This appeal is taken from the judgment of the city court sustaining the demurrers of the plaintiff to the defendant's pleas; and the only errors assigned are based upon the rulings of this court upon the pleadings.

E. H. HANNA, for appellant.—If the vendor in a conditional sale transfers the notes given for the deferred payments, this is an election on his part to treat the transaction as an ordinary debt, and waives any security afforded by the retention of the title.—*Dowdell v. Empire Fur. & Lumber Co.*, 84 Ala. 316; *Tanner & Delaney Engine Co. v. Hall*, 89 Ala. 628; *Lehman, Durr & Co. v. Van Winkle*, 92 Ala. 443.

MATTHEWS & WHITESIDE, *contra.*—Under the settled decisions of this court when the vendor of personal property, expressly retains the legal title in himself until the purchase money is paid, no title passes to the purchaser by the delivery of possession, and he can convey none to a sub-purchaser, though without notice, until the purchase money is paid.—*McPherson v. Acme Lumber Co.*,

[Thomason *et al.* v. Lewis.]

12 So. Rep. (Miss.) 857 ; *Tanner & Delaney Engine Co. v. Hall*, 89 Ala. 630 ; *Fairbanks v. Eureka Co.*, 67 Ala. 109 ; *Sumner v. Wood*, 67 Ala. 139 ; *Weinstein v. Freyer*, 93 Ala. 257.

A vendor in a conditional sale is entitled to recover in trover from any purchaser from his vendee the full value of the property, if a return can not be had:—*Dunbar v. Rawles*, 92 Amer. Dec. 311 ; *Tuttle v. Campbell*, 16 Amer. St. Rep. 652 ; *Velsian v. Lewis*, 3 Am. St. Rep. 184.

COLEMAN, J.—The action is in trover and was brought by E. M. Lewis for the use of Matthews & Whiteside. The defendants interposed a demurrer to the complaint, and the demurrer having been overruled, pleaded substantially the following facts by special pleas in defense of the action : E. M. Lewis sold conditionally to Ellis & Strong the personal property the subject of the present litigation ; Ellis & Strong mortgaged the same, and upon its foreclosure the appellants became the purchaser. Ellis & Strong executed their several promissory notes to E. M. Lewis for the purchase money, the vendor retaining the legal title in himself, until the payment of the purchase money. E. M. Lewis, the vendor, transferred the unpaid notes to Matthews & Whiteside, he agreeing to retain the title to the property for their benefit and protection. Matthews & Whiteside sued the notes to judgment, but the judgment has not been paid. Thomason *et al.* refused to surrender the property, and the present action was instituted by Lewis for the use of Matthews & Whiteside. Upon demurrer the pleas were held insufficient. The case is brought up under the special act establishing the Anniston city court. The proposition of law asserted by the appellants is, that the transfer of the notes to Matthews & Whiteside and their suit upon the notes converted the conditional sale into an absolute sale of property to Ellis & Strong; that Lewis had the election, upon a failure to pay the notes at maturity, to retake possession of the property, or to pursue the collection of the debt; but could not pursue both remedies, and having elected one, he thereby waived or lost the right to pursue the other. We do not understand this to be the law in regard to conditional sales, of the character of the one under con-

[O'Bryan Bros. v. Davis.]

sideration. No doubt if the plaintiffs recover in the present action, the title to the property will vest in the purchaser, and the debt contracted for the purchase money will be thereby extinguished. And it is equally true, that if the purchase money for the property had been paid, the vendor's title would have passed to the purchasers, and this whether voluntarily paid or forced by legal process. It is also the law as applicable to the present case and the respective rights of the parties, that if the plaintiff, by attachment or execution on their judgment, had levied upon the property in question as the property of the defendant debtor, or by any other unequivocal act had recognized the property as belonging to the debtor, such conduct, would amount to an election to abandon or waive their claim as the legal owners and to proceed against it as the property of the vendee. The law will not permit a vendor, who retains the legal title to property, to have it sold as the property of the debtor and get the benefit of such sale, and then claim it as his own. Such claims are inconsistent, and unjust. These are the principles declared by this court, and they have gone no further.—*Lehman, Durr & Co. v. Van Winkle,* 92 Ala. 443 ; *Tanner & Delaney v. Hall,* 89 Ala. 628 ; *Dowdell et al. v. Empire Furniture &c. Co.,* 84 Ala. 316; *Montgomery Iron Works v. Smith,* 98 Ala. 644.

It does not appear from the complaint, neither is any fact averred in the pleas, which tends to show a waiver on the part of the vendor or his transferee of the legal title reserved at the time of the sale. The mortgage executed by Ellis & Strong conveyed no greater interest than they owned, and the purchaser under the mortgage bought the property, subject to plaintiff's legal title.— *Weinstein v. Freyer,* 93 Ala. 257.

There was no error in the record.

Affirmed.