# Ensley Lumber Co., *et al.* v. Lewis.

## *Action of Trover.*

1. *Legal title; retention of by vendor.*—When the vendor of personal property expressly retains the legal title until the purchase money is paid, no title passes to the purchaser by delivery of possession, and a purchaser from him cannot defeat a recovery of such property by the original vendor, even though he was a *bona fide* purchaser without notice.

2. *Notes for purchase money of personal property; endorsement of will not pass title to the property.*—When notes for the purchase money of personal property in which title is retained by the vendor, are endorsed as collateral security for a loan to the vendor, the title to the property does not pass to the lender, and when the loan is paid the legal title to the note and property is in the vendor.

[Ensley Lumber Co., et al. v. Lewis.]

3. *Law of place of contract governs.*—It is a well settled principle upheld in all courts, that the law of the place of the contract, in the absence of stipulations to the contrary, must govern as to its validity, interpretation and construction; and as a general rule, when a contract is valid and binding by the *lex loci contractus*, it is valid and binding everywhere.

4. *Registration laws of other States have no force in Alabama.* The registration laws of another State have no extra territorial force; and hence the laws of Georgia, requiring the registration of notes reserving title cannot affect a transaction entered into in this State and with a view of being enforced in this State, when rights growing out of such contracts are sought to be enforced in our own forums.

5. *Trover, when demand not necessary in.*—No demand is necessary before bringing suit ni trover when there has been an unauthorized disposition of the property by the defendant.

6. *Notes payable to one as manager show on their face title in another.*—When notes for the sale of property are taken in the name of a person as manager, they show on their face that the property sold was not the property of such person, but of the person for whom he is manager.

7. *When a joint action for wrongful act may be maintained.* Where one commits a wrongful act, co-operating with other defendants who had notice of plaintiff's rights, a joint action for the wrongful act may be maintained against all of them.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

Mrs. C. E. Lewis sold to the Ensley Lumber Co. certain machinery for the purchase money of which notes were executed, in which notes the title to the property sold was retained by Mrs. L. until the purchase money was fully paid. By direction of the Lumber Co. the property was shipped to the State of Georgia. Afterwards and while the property was in Georgia, the Lumber Co. executed a mortgage on the same to Shackelford, who had no notice of the retention of the titles by Mrs. L. This mortgage was executed in Alabama, and was foreclosed in Georgia. Shackelford being in possession of the property Mrs. L. informed him of the retention of title by her, and demanded the property for the payment of the original purchase money. S. refused, claiming superior title by reason of the fact that she had not recorded her claim of title in Georgia, as required by the laws of that State. Damages for conversion were recovered in the court below against the Ensley Lumber Co. and Shackelford. Appealed by the defendants.
Affirmed.

[Ensley Lumber Co., *et al.* v. Lewis.]

WARD & BROUGHTON and TILLMAN & CAMPBELL, for appellants.—(1). By the letter and terms of the contract E. M. Lewis was the owner of the machines and until paid for were to remain his property. C. E. Lewis was the plaintiff and the notes did not prove title in her. 21 Ala. 497; 80 Ala. 230. (2). After the notes were endorsed to the Bank of Anniston as collateral security, the legal title to the machines was in the bank and never passed from it by proper endorsement of the notes, hence plaintiff could not sue, not having the legal title. (3). A demand for the property was not made by one having the title or right of possession.—*McDowell v. Jones*, 58 Ala. 25; *Page v. Bartlet*, 101 Ala. 193. (4). Plaintiff knew that the machines were purchased for use in Georgia and actually shipped the machines to that State. The notes were never recorded as required by the laws of Georgia. The plaintiff impliedly submitted to the rules and regulations in force in the country where he placed the property.—*Clark v. Tarbell*, 58 N. H., 88; *Ames' Iron Works v. Warren*, 70 Ind., 512; *Green v. Van Buskirk*, 7 Wall., 139. (5). "Tort feasors cannot be sued jointly unless the tort has been committed by their joint act.— 17 Am. & Eng. Ency., 602; *Powell v. Thompson*, 80 Ala. 51; *Larkin v. Eckwurzel*, 42 Ala. 322.

SMITH & SMITH, and MATTHEWS & WHITESIDE, *contra.* (1). The contract was made in Alabama and the property was situated in Alabama and the law of the place of the contract and the place of the forum governs.—3d Ed. Story's Conflict of Laws, p. 646. (2). Demand was not necessary before bringing suit.—*Brown v. Beason*, 24 Ala. 466; *Kyle v. Gray*, 11 Ala. 233.

HARALSON, J.—Trover for the conversion of personal property.

1. Under repeated decisions of this court, it is held, that when the vendor of personal property expressly retains the legal title until the purchase money therefor is paid, no title passes to the purchaser by delivery of possession, and a purchaser from him cannot defeat a recovery of such property by the original vendor, even though he shows he was a *bona fide* purchaser from the vendee for value and without notice.—*Warren v. Liddell*, 110 Ala. 232; *Thomason v. Lewis*, 103 Ala. 426; *Montgomery I. Works v. Smith*, 98 Ala. 644.

The evidence in this case shows without conflict, that when E. M. Lewis, as manager of the Lewis Machine Co. on the 16th of March, 1896, sold the property to the Ensley Lumber Co. for the conversion of which this suit is brought, it was with the express written condition, incorporated in the notes of the purchaser, that the machinery should "remain the property of E. M. Lewis, as manager, until all notes given for said property are paid, and that on default in the payment of any of said notes at maturity or at any time after such default before accepting payment in full of the amount then due, E. M. Lewis may resume possession of said property without liability on his part to refund any money previously paid on account of said contract." Nothing could be more explicit to show, that the title to said property did not pass by the transaction of this conditional sale, to the purchaser, but remained in the vendor. The mortgage executed by the vendee, the Ensley Lumber Co., to W. C. Shackleford, conveyed no greater interest to him, than that company owned, and he purchased and held the property subject to the legal title of the vendor.—*Thomason v. Lewis, supra; Weinstein v. Freyer,* 93 Ala. 257.

2. The notes on their face show, that the property for the sale of which they were given, was not the individual property of E. M. Lewis, but that he was the mere manager for the person to whom it did belong. As manager he sold it, and to him as such, the notes were made payable. It is not denied and cannot be, for the evidence is without conflict as to the fact, that Mrs. C. E. Lewis, the appellee and plaintiff below, was the owner of said property and that E. M. Lewis, her husband, as manager for her, sold it to the defendant, the Ensley Lumber Co., and took said purchase money notes therefor. It also shows, that she remained its owner to the time of the trial, and did nothing under the laws of this State, so far as appears, to divest herself of the title. It was shown that the notes, at one time, were indorsed by the plaintiff to the Bank of Anniston, as collateral to secure a loan by the bank to plaintiff, which notes were retained by said bank until October or November, 1897, when having paid the loan, the notes were returned to plaintiff by the bank before this suit was instituted.

The notes bore the indorsement, "Lewis Machine Co., E. M. Lewis, Mangr." By this transaction, the legal title to the property, for which the notes were given, did not pass to the bank, and when the loan for which they were hypothecated to the bank was paid, and they were returned to the plaintiff, the legal title to the property, and of the notes as well, were in her.—*Berney v. Steiner Bros.*, 108 Ala. 111; *Lakeside L. Co. v. Dromgoole*, 89 Ala. 505; *Thomason v. Lewis, supra.*

3. On the 15th July, 1896, the Ensley Lumber Co. executed to defendant, W. C. Shackleford, the mortgage in evidence of that date for the considerations therein expressed. The machinery was at the time of the execution of the mortgage, in Georgia, in the possession of the sheriff, levied on by attaching creditors as the property of the Ensley Lumber Co. By agreement between that company and Shackleford he went to Georgia and paid off and procured the discharge of the attachments, and the machinery was delivered into his possession and control, and he continued in the possession, control and use of the same, through his agent until this suit was brought. After taking possession he was · notified by plaintiff through her agent, that the title to the property was in. her, and her notes for it were unpaid, and requested payment of them, and he refused to pay and asserted his right to the property as superior to hers. At the time the property was conditionally sold by plaintiff to the Ensley Lumber Company, and the notes of that company to the plaintiff, in which the title to the property was reserved, were executed, and at the time said mortgage was executed on the property by the company to said Shackleford, all of them were residents of this State, and said contract was entered into in reference to the laws of Alabama. It is a well settled principle, upheld in all courts, that the law of the place of the contract, in the absence of stipulations to the contrary, must govern as to its validity, interpretation and construction; and as a general rule, when a contract is valid and binding, by the *lex loci contractus,* it is valid and binding everywhere.—*Jones v. Jones,* 18 Ala. 248; *Evans v. Kittrell,* 33 Ala. 449; *Cowles v. Townsend,* 37 Ala. 77. It may be that a conditional sale of personal property

entered into in Alabama, unless the vendor complies with the registration laws of Georgia, when the property is taken after its purchase into that State, would not be good as between the original seller and an innocent purchaser for value without notice, in that State, but that could be the case only when their rights are to be determined in Georgia courts. We know of no rule of comity between States that would give to the registration laws of Georgia an extra-territorial force, operative on contracts executed within and with the view of being enforced in this State, when rights growing out of such contracts are sought to be enforced in our own forums. The case of *Edgerly v. Bush*, 81 N. Y., 199, was one where B. executed to plaintiff a chattel mortgage in New York State, on a span of horses, both parties residing in that State. B. carried the horses to Canada and sold them to a trader, who bought in good faith, without knowledge of plaintiff's claim. Under the laws of Canada, B. could not reclaim the horses without refunding the price paid for them by the trader. Defendant, a resident of New York, bought the horses in Canada from the purchaser and left them there. Returning to New York, on refusal to deliver them on demand, the plaintiff sued in trover for their conversion, and it was held he had the right to recover. This decision seems to be well founded in principle, and met the approbation of this court in *Weinstein v. Freyer*, 93 Ala. 257, and in the case therein cited of *Marvin Safe Co. v. Norton*, 48 N. J. L., 410.

4. There is nothing in the suggestion that this suit cannot be maintained for that as alleged, no demand was made for the property before it was brought. The proof tended to show an unauthorized disposition of the property by the defendants, the Lumber Company and Shackleford, and when such is the case, no demand, if not made, was necessary.—*Haas v. Taylor*, 80 Ala. 466; *Brown v. Beason*, 24 Ala. 466.

5. Nor is there merit in the contention, that plaintiff had no right to maintain his suit against defendants, because they were not joint tort feasors. The rule is, that when one commits a wrongful act, co-operating with other defendants, who had notice of plaintiff's rights, a joint action for the wrongful act may be maintained

[Wood & Son, et al. v. Riley.]

against all of them; but if the wrongful act was separate and distinct, a joint action cannot be maintained against them.—*Powell v. Thompson*, 80 Ala. 51; *R. & D. R. R: Co. v. Greenwood*, 99 Ala. 501.

Here, as stated, the proofs tend to show a joint conversion of the property by defendants. The court below, trying the case without a jury, found the issues in favor of the plaintiff and rendered judgment against defendants, who appeal. We have been unable to discover that its judgment on the law and facts was not correct. Affirmed.