# E. E. Forbes Piano Co., *v.* A. L. Wilson.

## *Action of Detinue.*

[Decided Dec. 21, 1905, 39 So. Rep. 654.]

1. *Detinue; Instrument Retaining Title; Judgment.*—The recovery of a judgment by vendor against the vendee on an instrument retaining title in personal chattels, does not divest the title of the vendor.

2. *Same;Pleadings.*—A plea alleging the recovery of a money judgment by the vendor against the vendee on a written instrumerit retaining title, that does not allege the payment of the judgment is bad and subject to demurrer. (Overruling contra dictum in Davis v. Millings, 141 Ala. 378, 37 So. Rep. 737.)

Appeal from Coffee Circuit Court.

Heard before Hon. H. A. Pearce.

This was an action of detinue for a piano based upon an instrument in writing retaining title to the piano in the vendor until the purchase price was paid.

The defendant filed the following plea: "Now comes the defendant, and for answer to the complaint hereto attached, doth say that on towit May 2, 1902, the plaintiff sold to the defendant the piano herein sued for at and for the sum of $300, upon condition that the title of said piano should remain in said plaintiff, E. E. Forbes Piano Co., until the purchase price should be fully paid. Defendant avers that on towit, the Spring Term 1904, of the circuit court held for Coffee county, Alabama, the said E. E. Forbes Piano Co., before bringing this suit, brought suit for the purchase price of said piano, and recovered judgment in said court for said purchase price. Wherefore defendant does not detain said property." The plaintiff interposed several grounds of demurrer to the first plea, among them "That the recovery of a judgment for the purchase price of the piano was no estoppel to the plaintiff to maintain this suit."

[Spencer v. Bessemer Water Works.]

This demurrer was overruled and there was judgment and verdict for the defendant and plaintiff appeals.

RILEY & WILKERSON, for appellant.—The demurrer to the first plea should have been sustained, citing:—*Thomason v. Lewis,* 103 Ala. 426; *Montgomery Iron Works v. Smith,* 98 Ala. 644.

C. W. SIMMONS, for appellee. (No brief came to the hands of the reporter.)

TYSON, J.—Action of detinue for a piano.

The special plea interposed by defendant was bad and the demurrer should have been sustained to it. The mere bringing of an action by plaintiff for the purchase price of a piano and recovering a judgment therefor, which is not averred to have been paid, does not operate to divest the plaintiff of its title to the property. This point was expressly decided by this court in *Tomason v. Lewis,* 103 Ala. 426, 15 So. Rep. 830. There is a *dictum* in *Davis v. Millings,* 141 Ala. 378, 37 So. Rep. 737, consisting of a quotation from the Encyclopedia of Law which is opposed to this view, but which is not the law in this jurisdiction.

Reversed and remanded.

HARALSON, DOWDELL, SIMPSON and DENSON, JJ., concurring.