(117 So. 160)

## COMMERCIAL INV. TRUST, Inc., v. EAST. (5 Div. 981.)

Supreme Court of Alabama. Nov. 10, 1927.

Rehearing Denied Jan. 28, 1928. Further Rehearing Denied May 31, 1928.

1. Exceptions, bill of ⊜⟶26—References in bill of exceptions to "conditional sale contract" held equivalent to statement that seller retained title to automobile as security.

On appeal in detinue action for automobile, references in bill of exceptions to "conditional sale contract" held equivalent as a specific statement to the effect that seller had retained title to the automobile as security for unpaid balance of purchase price.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conditional Sale.]

2. Alteration of instruments ⊜⟶6—Alteration in written sale contract of promise to pay in 12 equal monthly installments into promise to pay entire price in 12 months will vitiate writing.

Alteration in written contract for sale of automobile of seller's promise to pay in 12 equal monthly installments into promise to pay entire price in one payment at the end of 12 months will vitiate the writing, so that no right can be asserted under it or proved by it.

3. Sales ⊜⟶460—Conditional contract for sale of automobile need not be written as against buyer (Code 1923, § 6898).

Under Code 1923, § 6898, a conditional contract for the sale of an automobile, as against the buyer, need not be in writing.

4. Alteration of instruments ⊜⟶18—Alteration of written conditional automobile sale contract held not to destroy contract as between buyer and seller, or divest seller's title (Code 1923, § 6898).

Since, under Code 1923, § 6898, a conditional contract for the sale of an automobile need not

be written as against the buyer, alteration of written conditional automobile sale contract held not to destroy contract as between buyer and seller or divest seller of his retained title.

5. Detinue ⊜⟶5 — In detinue, plaintiff must show general or special property with right to immediate possession.

In detinue action, plaintiff must show in himself a general or special property with the right to immediate possession.

6. Appeal and error ⊜⟶598—Documents transmitted to Supreme Court on appeal, not copied in transcript, held not reviewable, notwithstanding appellee had not opposed motion for leave to file documents.

Documents put in evidence in the trial court and transmitted to the Supreme Court, but not copied in the transcript, held not reviewable, notwithstanding the appellee had not opposed motion or suggestion asking leave to file original papers.

7. Sales ⊜⟶475—Assignee of written conditional automobile sale contract gained no rights under assignment, where contract had been materially altered, though, as between seller and buyer, seller retained title.

In detinue action for automobile, assignee of written conditional sale contract held to have gained no rights under assignment where the contract had been materially altered, though, as between seller and buyer, the seller retained title, since, as between them, it was not necessary that the contract be written.

8. Detinue ⊜⟶5 — In detinue for automobile, where title was in third party, and plaintiff proved no special interest giving right to possession, plaintiff could not recover.

In action in detinue for automobile, where it appeared that title was in third party, and plaintiff proved no special interest giving him a right to immediate possession, plaintiff could not recover.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action in detinue by the Commercial Investment Trust, Incorporated, against J. D. East. From a judgment for defendant, plaintiff appeals. Affirmed.

Defendant's pleas 2 and 3 set up usury in the contract.

Plea 6 is a plea of non est factum.

Albert Hooton, of Dadeville, and McClellan & Stone, of Birmingham, for appellant.

Usury is no defense to an action of detinue, where the amount of usury is insufficient to totally extinguish the debt. Hooper v. Birchfield, 115 Ala. 226, 22 So. 68; Torbert v. McFarland, 172 Ala. 117, 55 So. 311; Brandon v. Montgomery, 96 Ala. 506, 11 So. 540. If the conditional sale contract was void or not binding on defendant, then defendant had no right to possession of the car, and could not defeat the vendor's right to recover possession. Boulden v. Estey Organ Co., 92 Ala. 182, 9 So. 283; Starr Piano Co. v. Zavelo, 212

Ala. 369, 102 So. 795. Appellee should not be heard to resist consideration of the original paper certified up by the circuit judge; no objection was made in open court when leave was granted. Darrow v. Darrow, 201 Ala. 477, 78 So. 383; L. & N. v. Williams, 172 Ala. 587, 55 So. 218. Any material, formal alteration, not changing the legal effect of the contract, is harmless, no matter by whom made. Winter-Loeb v. Pool, 100 Ala. 503, 14 So. 411; Robertson v. Castellano, 212 Ala. 376, 102 So. 893; Nance v. Gray, 143 Ala. 234, 38 So. 916, 5 Ann. Cas. 55. When referable, as here, to a writing, the word "assignment" imports and establishes, there being no evidence to the contrary, that all rights of the conditional vendor were assigned, passed to plaintiff. Enloe v. Reike, 56 Ala. 500. See Southern Ry. v. Stonewall Ins. Co., 177 Ala. 327, 58 So. 313, Ann. Cas. 1915A, 987. The alteration asserted did not cause the paper to have a different legal effect, and was not material. Montgomery v. Crossthwait, 90 Ala. 553, 8 So. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832.

Geo. C. Douville and Jas. W. Strother, both of Dadeville, for appellee.

If there was error in overruling demurrer to defendant's pleas, it was without injury. Walker v. Southern Ry. Co., 169 Ala. 359, 53 So. 994; Supreme Court Rule 45. The certifying by the trial court of an original paper used in evidence on the trial, directing that same be sent up to the appellate court, does not dispense with the necessity of incorporating it in the transcript; and, if not so incorporated, it will not be considered. Pruitt v. McWhorter, 74 Ala. 315; Wright v. Dunklin, 83 Ala. 317, 3 So. 597; Darrow v. Darrow, 201 Ala. 477, 78 So. 383. If one party to a written contract makes any changes on the face of the paper which varies its legal operation and effect, such alteration invalidates the contract in toto. Baker v. Lehman, 186 Ala. 493, 65 So. 321; Brown v. Carter, 169 Ala. 515, 51 So. 999; Anderson v. Bellenger, 87 Ala. 334, 6 So. 82, 4 L. R. A. 680, 13 Am. St. Rep. 46; Prim & Kimball v. Hammel, 134 Ala. 653, 32 So. 1006, 92 Am. St. Rep. 52; Brown v. Johnson, 127 Ala. 292, 28 So. 579, 51 L. R. A. 403, 85 Am. St. Rep. 134; Montgomery v. Crossthwait, 90 Ala. 553, 8 So. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832.

SAYRE, J. [1-4] Statutory detinue for an automobile. The machine had been sold by the West Point Overland Company to the defendant East. We think it may be conceded that the vendor retained title as security for an unpaid balance of the purchase price—this though we find in the bill of exceptions no statement to that specific effect. The bill does, however, contain repeated references to the contract between vendor and purchaser as a "conditional sale contract," and this collocation of words is of such common and frequent use in connection with transactions of the kind as to justify the stated conclusion. A paper writing purporting to witness the contract of sale was put in evidence. There was evidence going to show that the paper writing in question had been materially altered by some one subsequent to its execution and delivery by defendant, and whatever of difficulty there may have been in determining the rights of the parties in the trial court arose out of the alleged alteration. The alteration, as we gather from the bill of exceptions, apart from the original paper which has been transmitted to this court, had the apparent effect of transmuting defendant's promise to pay a balance of $1,200—to speak in round numbers—in twelve equal monthly installments, into a promise to pay the entire sum in one payment at the end of twelve months. This was a material alteration, and, if made by a party claiming under it, vitiated the paper so that no right could be asserted under or proved by it. 2 C. J. p. 1173; Id.; p. 1179, § 9; Carroll v. Warren, 142 Ala. 398, 37 So. 687. But, as against the purchaser, such contract did not need to be in writing (Code, § 6898), and the paper writing, if unchanged, would have served only the purpose of standing as evidence of the contract, and its alteration had not the effect of destroying the contract between the parties or divesting vendor of his retained title. 2 C. J. p. 1178, § 7. The reasoning employed by the court in Boulden v. Estey Organ Co., 92 Ala. 182, 9 So. 283, supports this conclusion. The moral and legal effect of the situation thus disclosed is simply that, as against the original vendor or the transferee of his title and interest, appellee could not at one and the same time retain the machine and the price he promised to pay for it.

[5] The evidence, including defendant's sworn admission to the same effect, showed without dispute that the transaction between the West Point Company and this appellee, vendor and purchaser of the automobile in question, was a conditional sale so that the title remained in the vendor or its assignee until the purchase price was paid in full, and that defendant had not paid the price in full, and therefore, as for anything stated up to this point, the legal title was still in the West Point Company, and, if the foregoing statement disclosed the case in its entirety, it would follow that plaintiff, the Commercial Company, could not recover, because in actions of this character the plaintiff must show in himself a general or special property with the right to immediate possession. 5 Mich. Dig. sub. cap. "Detinue," § 4.

Appellant contends that it sufficiently and without contradiction appears that the title to the machine in question was transferred and assigned to it by the vendor, the West Point Company, and, to sustain that contention, would have the court examine the original contract of sale and its assignment to

appellant which has been certified to this court for its inspection.

[6] It has been the unvarying rule of this court since the decision in Pruitt v. McWhorter, 74 Ala. 315 (1883), not to consider documents put in evidence in the trial court and transmitted to this court unless copied into the transcript. Wright v. Dunklin, 83 Ala. 317, 3 So. 597; Black v. Pate, 130 Ala. 514, 30 So. 434; Southern Railway v. Leard, 146 Ala. 349, 39 So. 449; Darrow v. Darrow, 201 Ala. 477, 78 So. 383; Owens v. State, 215 Ala. 42, 109 So. 109. We find no reason in this case for departing from that line of decisions. It is urged that this court, on May 12, 1927, the day on which this cause was submitted, noted on the trial docket leave to appellant to file original papers within ten days. This order, we presume, was made on the motion or suggestion of counsel. On May 6th the trial judge had ordered the papers to be transmitted, but they had not yet been filed in this court. Counsel for appellee does not appear to have opposed the motion, and upon this is based the contention of a waiver of the rule of procedure to which we have referred. The record of the cause (including the notation on the trial docket) is far from showing the intentional relinquishment of a known right. For one thing, the appellee had no right. The matter presented affected the court and its procedure, and, as for the court, it does not appear that it was informed of the situation or that the motion had other purpose than to permit the future filing of the papers which in due course should have been on the file at the time. In Pruitt v. McWhorter, supra, the court held that the agreement of counsel that original papers be omitted from the transcript did not warrant their consideration on appeal, so that in this case, as in Wright v. Dunklin, supra, we must pronounce judgment on the transcript proper without reference to the papers in question.

[7, 8] We have felt justified in holding that the vendor retained title to the automobile, and, as for anything appearing in the bill of exceptions which purports to contain all the evidence, that title is still outstanding in the vendor. The transfer of the paper of which the witnesses speak is of no consequence if the paper itself had been materially altered by a party in interest after its execution and delivery by the appellee vendee of the car. The great weight of the testimony introduced—Yates, the vendor, doing business as the West Point Overland Company, did not testify—went to show the alteration, and some of it tended to prove that the paper had been altered since it passed into the hands of the appellant plaintiff. In any event it had no effect upon the title. There was no other evidence of a transfer of the West Point Company's title to plaintiff appellant. We are constrained to hold,

therefore, that, on the case made by the bill of exceptions, the legal title to the machine in controversy remained in the West Point Company and upon that title, of course, appellant could not recover in this action.

It may be conceded for the argument that the rulings of the trial court against appellant's demurrers to special pleas 2 and 3 were laid in error. The errors, if any, thus committed were innocuous. These pleas 2 and 3, whatever the state of the evidence as to them was or may have been, became immaterial in the presence of the fact, shown in the undisputed evidence as it appears in the bill of exceptions, that the title to the property in suit was in the West Point Company. The facts alleged in plea 6 might have been availed of under the general issue, and therefore the ruling as to it was innocuous. Carlisle v. People's Bank, 122 Ala. 446, 26 So. 115. We have therefore no alternative but to affirm the judgment.

Affirmed.

GARDNER, BOULDIN, and BROWN, JJ., concur.

On Rehearing.

SAYRE, J. The automobile was at first the property of the West Point Overland Company, which had it for sale. It was sold conditionally to defendant, but no title has ever passed, because the condition of full payment of the purchase price has never been performed, as all parties agree. The title then remains in the Overland Company, unless it has been shown to have passed to plaintiff. We may concede that the contract of conditional sale—that is, the paper writing purporting to evidence the sale—was assigned to plaintiff in some form, whether unconditionally or with conditions does not appear; but if that paper writing had been materially altered by plaintiff or the Overland Company after its execution, and without the knowledge and consent of defendant, who therein promised to pay the price, that alteration reduced the paper to a status of invalidity as an obligatory instrument, though it may have sufficed to prove for collateral purposes the terms of the genuine contract. But let it be assumed—though the great weight of the evidence was to the contrary—that the conditional contract of sale was assigned to plaintiff in its genuine shape, we still do not know the terms of the assignment, and therefore we must hold that it did not pass the title to the automobile; so far as we can determine, it passed only the right to collect the purchase price. Our only recourse, then, is to hold that the title remained in the Overland Company. Appellant, plaintiff, quotes a witness to the effect that an assignment of the paper was made "as shown on the back of the sales contract." Possibly that assignment undertook to transfer to plaintiff the legal title to the automobile in such sort

as to permit appellant's recovery in this case, but the quoted testimony—and there is none other to the like effect—falls far short of proving, or even tending to prove, the contents of the writing on the back of the sales contract, or in anywise a transfer of title to the machine in suit. The paper writing, the contract between the West Point Company and the appellee defendant East, did not pass the legal title to East. How, then, could a naked assignment of same paper pass the title to appellant? We think the answer is obvious. We have held, on what ought to be considered obligatory authority, that we cannot look to the original paper. If there is any force in what has been written, here and heretofore, the record affords no other information, and we are constrained to hold on this record that the legal title to the automobile was at the time of the trial in another than plaintiff, appellant, and hence that plaintiff could not recover. There has been no occasion for a ruling to the effect that no interest in the property passed by the assignment of the conditional sale contract, nor is any such ruling made. Nor can the incidental expression to be found in Garrison v. Hamlin, 215 Ala. 39, 109 So. 106, be held as a decision to the effect that by such assignment the legal title to the property passed. That case involved the taxing power, and the question whether conditional sale contracts needed to be recorded. And the case of Fidelity & Deposit Co. v. Richeson, 213 Ala. 461, 105 So. 193, cited to Garrison v. Hamlin, dealt with the equitable right of subrogation. To repeat, the ruling now is simply that the bare assignment of the conditional sale contract does not pass the legal title to the property the subject of the contract, which is necessary to sustain the action of detinue. In Ensley Lumber Co. v. Lewis, 121 Ala. 94, 25 So. 729, the language of this court, directly in point, was that the assignment of purchase-money notes, in which the title to the property sold was retained by the seller, did not pass the legal title to the assignee. Another case precisely in point is Domestic Sewing Machine Co. v. Arthurhultz, 63 Ind. 322. Mr. Williston says that:

"The right of the seller's assignee to the property in such case is equitable rather than legal." 1 Williston on Sales, § 331.

Appellant quotes from 24 R. C. L. p. 478, where it is said that:

"The assignment of the contract by the seller carries with it the right of property, together with the right of possession for condition broken, whether the default be prior or subsequent to the assignment."

This was based on Landigan v. Mayer, 32 Or. 245, 51 P. 649, reported in 67 Am. St. Rep. 521. In the same paragraph of 24 R. C. L. it is said to be held in some cases that "a mere indorsement cannot constitute a sale and assignment of the property in the sub-

ject matter of the conditional sale," citing 37 L. R. A. (N. S.) 74, where Winton Motor Carriage Co. v. Broadway Automobile Co., 65 Wash. 650, 118 P. 817, is reported, and where the editorial commentator, speaking of the decision in Ensley Lumber Co. v. Lewis, thought that:

"It should be noted that the court [this court] did not consider the real ground of the decision in the Winton Motor Carriage Company Case, which was that the indorsement of the note was an election to treat it as an absolute debt, and therefore an election which vested title to the property in the purchaser."

Perhaps this court did not consider the real ground of the decision in the Winton Motor Carriage Case for the reason that this court had previously refused to accept that doctrine. Thomason v. Lewis, 103 Ala. 426, 15 So. 830; Forbes Piano Co. v. Wilson, 144 Ala. 586, 89 So. 645. We think it may be observed that the decisions holding that the property passes with the assignment of the purchase-money note so hold because the law of those jurisdictions regards such contracts only as security in the nature of a lien—such was the case in Landigan v. Mayer, 32 Or. 245, 51 P. 649, 67 Am. St. Rep. 521—or, what amounts to the same things, because the terms of the contract create only a lien securing the debt. Winton Motor Carriage Case, supra. But that doctrine in this state is distinctly a doctrine of equitable cognizance only. In many of the states the title in cases of this sort is retained as a security merely and the right of the vendor is treated as an equity cognizable in courts which exercise jurisdiction in law and equity cases alike. So in Landigan v. Mayer, supra, and many other cases that might be cited. But in this state it has been uniformly held that the legal title does not vest in the buyer until performance of the condition, and that a bona fide purchaser acquires only the conditional title of his vendor. Sumner v. Woods, 67 Ala. 142, 42 Am. Rep. 104; Warren v. Liddell, 110 Ala. 242, 20 So. 89; Bishop v. Minderhout, 128 Ala. 162, 29 So. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134.

The discussion need not be further drawn out. Various considerations, of no controlling influence in this state, have moved the courts elsewhere to different conclusions. Winton Motor Carriage Co. v. Broadway Automobile, 65 Wash. 650, 118 P. 817, 37 L. R. A. (N. S.) 74. Our judgment, on the authorities stated above, is that, in this state, where the distinction between the law and equity jurisdictions of the courts has been carefully and consistently preserved, the mere assignee of a conditional sale contract of personal property cannot maintain the strictly legal action of detinue for the property so sold. The vendor may sue at law for the use of the assignee. An action of that sort was approved by this court in Thomason v. Lewis, 103 Ala. 426, 15 So. 830, where the

vendor assigned the purchase-money notes but retained title. Or it may be that the assignee, upon indemnifying the assignor against liability for costs, may use the name of the assignor in an action to recover the specific property. In equity the parties would be treated differently. Barton v. Broyles Stove & Furniture Co., 212 Ala. 658, 103 So. 854.

Application overruled.