(137 So. 900)

## CANNON v. SCARBOROUGH.

### 3 Div. 962.

Supreme Court of Alabama.

Nov. 5, 1931.

Rehearing Denied Dec. 17, 1931.

Rushton, Crenshaw & Rushton and J. C. Crenshaw, all of Montgomery, for appellant.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

**BROWN, J.**

This is an action on the case by the appellee against appellant for personal injuries received by the plaintiff in an automobile collision on the Montgomery-Birmingham Highway near Maxwell Field.

The complaint as originally filed consisted of four counts, but on the trial count 3 was withdrawn, and the case proceeded to trial on counts 1, 2, and 4. Counts 1 and 2 ascribe the plaintiff's injury and damage to the negligence of the defendant in the operation of his car, and count 4 to willful or wanton conduct.

The pleas were the general issue as to all of the counts, and contributory negligence as to counts 1 and 2.

The trial court refused charge D–19—the affirmative charge as to count 4—and the first serious contention here is that in this the court committed reversible error.

■ Appellee's contention here is, first, that the clerk of the court, in making up the transcript, has incorporated therein, without authority of law or the rules of practice, certain photographs offered in evidence, showing the scene of the accident and the condition of the two automobiles immediately after the collision, and in the absence of these items of evidence the refusal of said charge cannot be considered, citing, in support of this contention, Supreme Court Rule 24, Code of 1923, vol. 4, p. 886; Gardner v. State, 96 Ala. 12, 11 So. 402; Frieder v. B. Goodman Mfg. Co., 101 Ala. 242, 13 So. 423; Southern Ry. Co. v. Leard, 146 Ala. 349, 39 So. 449; Commercial Inv. Trust v. East, 217 Ala. 626, 117 So. 160;

Pruitt v. McWhorter, 74 Ala. 315; Southern Railway Co. v. Kendall, 14 Ala. App. 242, 69 So. 328; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Fayet v. St. Louis & S. F. R. Co., 203 Ala. 3, 81 So. 671; City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; Alabama Power Co. v. Fergusen, 205 Ala. 204, 87 So. 796.

Some of these cases deal with omission from the bill of exceptions in actions at law and from the record in equity proceedings, of material matters of evidence deemed by the court essential to a correct determination of the questions presented; others deal with the efficiency or inefficiency of forwarding original documents for inspection on appeal, without an order of the court, as required by rule 24 of Supreme Court practice. Such cases are not deemed apt authority in respect to the questions presented on this appeal.

The case of Gardner v. State, supra, urged as an authority in point, involved the practice of pasting on the margin of the record by the clerk of a paper writing which was not incorporated in the bill of exceptions and made a part thereof.

Here, so far as appears, the photographs incorporated in the record as a part of the bill of exceptions were incorporated in the bill of exceptions when it was approved by the trial judge.

Moreover, since the decision in Gardner's Case and some of the others, rule 47 of Supreme Court practice has been adopted (March 31, 1924), providing: "In preparing the transcript for this court the clerk or register, when the reproduction of documents, such as maps and photographs which were introduced in evidence, is difficult or impracticable, may attach the original as a separate page or pages with the proper certificate and the same shall be considered as a part of the transcript," etc. Code of 1923, vol. 4, p. 896.

While no doubt the better practice would be for the clerk to certify, on the page where the map or photograph is attached, that such map or photograph was offered in evidence and made a part of the bill of exceptions, and that its reproduction in the record is difficult or impracticable; yet where, as here, it is incorporated in the record as a part of the bill of exceptions and no objection is made thereto before submission of the case, this irregularity will be treated as waived by the appellee.

■ The foregoing applies only to the photographs and has no application to the papers referred to as the hospital and doctors' bills, which are merely inclosed in an envelope attached to the record. These cannot be considered. Gardner v. State, 96 Ala. 12, 11 So. 402; Commercial Inv. Trust v. East, 217 Ala. 626, 117 So. 160.

The last mentioned, however, are pertinent only to the quantum of actual damages re-

coverable, and their omission is without influence in respect to the refusal of charge D—19, which will now be considered.

■ The evidence is without dispute that at the time of the collision in which the plaintiff received his injuries, he was driving the Buick car north on the Montgomery-Birmingham Highway, a double-tracked thoroughfare with a dark line running along the center with sufficient space on each side of the line to allow vehicles to pass, and plaintiff's evidence tends to show he was keeping to the right of the center as he proceeded north, and just before the collision drove his car to the right until only about one-half of its width was on the pavement. That immediately before the collision the defendant approached from the north going south in the center or to the left of the center line of the highway, approaching the place of the collision around a curve, the curve being some distance north of the point of collision. The defendant was driving a Ford automobile, and on the front seat with him were three adults, one man and two women. The evidence shows that the defendant, and those with him, had been drinking, and he admitted that he discovered plaintiff's car approaching fifty or more feet from the point of collision, but was unable to tell whether or not the plaintiff was on the right or east side of the highway. The defendant testified on cross-examination: "There were four people on the front seat of the car, two ladies and two gentlemen, if that's what you mean. * * * I was coming on towards Montgomery. I was about 50 feet from the car when I first noticed it, before I could tell what part of the road it was. I don't say I didn't notice it before I got in 50 feet of him; but I could not tell about where it was. He was on my side. I got over on his side; after it looked like he was coming right straight on down the road on my side, I cut to his side. I got most all the way over on his side. I would not say whether I got all the way. I don't know for certain. The lights and all. I could not say I got all the way over on that side. As soon as I saw he was cutting back, I cut back. Then I turned to go across on his side, and his left face caught my left hind wheel."

The evidence and its tendencies, of course, is stated in its most favorable light to the plaintiff's case, and from this evidence we are not able to affirm that there was no evidence tending to support the wanton count. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13.

■ Nor are we able to affirm error in the action of the court in overruling the defendant's motion to discharge the jury. The predicate for this motion is this: After plaintiff's first witness, Emmett Scarborough, had testified on his direct examination to the

fact of the collision and the attending circumstances as they appeared to him, resulting in plaintiff's injury, he further stated: "Scarborough and I stayed there, I should say at least an hour and a half after the wreck." Counsel for the plaintiff then asked the witness: "What became of Cannon" (the defendant)? This question was manifestly immaterial, yet no objection was interposed to it by the defendant, and the witness answered: "Well, Scarborough wasn't feeling good. He went over and sat in his car after we had gotten out and found they were not hurt, either, and I told Mr. Cannon and the other man who was with him—he said his car had insurance on it, and I asked him to see if he could get in touch with the insurance agent, and he said he didn't know whether he could or not, that he would try. I didn't want to move the car until he did. So he caught a ride with somebody that came by, and he know them, went to town, and he said he was going to call the insurance agent."

Thereupon the defendant made a motion to discharge the jury. The court overruled the motion, and instructed the jury as follows: "Gentlemen of the jury, in reference to the statement which has just been made in your hearing by this witness who is now on the stand, to the substance and effect that something was said at the time of the accident about an insurance agent, something of that effect, and coming out and looking at the car, and not moving the car until he saw it, I am going to exclude that testimony from your consideration, and dismiss it from your mind, in considering your verdict, making up your verdict, in this case, don't pay any attention to it, because the evidence has no weight, it has no effect, it has no bearing on the case, and is not in the case, and is absolutely withdrawn from your consideration."

The statement of the witness was not responsive to the question, and was properly excluded.

■ Whether or not the exclusion of this evidence removed its hurtful consequences, or, notwithstanding the prompt and positive instructions given by the court to the jury, it influenced their verdict, was a question presented to the trial court on the hearing of the motion for a new trial, and we are not able to affirm on this record that the court erred in overruling the motion for a new trial on this ground. Terry Dairy Co. v. Parker, 144 Ark. 401, 223 S. W. 6; Morris v. Montgomery, 229 Mich. 509, 201 N. W. 496; Demars v. Glen Mfg. Co., 67 N. H. 404, 40 A. 902.

Appellant concedes that if the evidence justified the submission of the case to the jury on the wanton count, the award of damages cannot be pronounced excessive.

The record and proceedings of the trial court appear free from reversible error, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.