141 So. 246

### MISSOURI STATE LIFE INS. CO. v. STUCKEY.

3 Div. 999.

Supreme Court of Alabama.

Jan. 21, 1932.

Rehearing Denied April 28, 1932.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Ball & Ball, of Montgomery, for appellee.

BROWN, J.

This is an action of assumpsit brought by appellee against the appellant to recover a sum of money alleged to be due to plaintiff from defendant on a policy of life insurance issued on the 31st day of July, 1929, insuring the life of Laura V. Stuckey, who died on the 11th day of July, 1930.

The pleas were the general issue and special plea of tender, alleging: "That the policy the basis of this suit, provides that 'In the event of self-destruction, sane or insane, within one year from date of issue, the liability of the company shall be limited to an amount equal to the premiums paid hereon.' And defendant avers that the date of issue of said policy was July 31, 1929, and that the assured, Laura V. Stuckey, came to her death by self-destruction, sane or insane, within one year from that date," averring the amount of the premium paid and tendering the same with the plea.

The trial resulted in a verdict for the plaintiff, and the defendant thereupon made motion for a new trial on the grounds: (1) "That the verdict of the jury is not sustained by the great preponderance of the evidence." And (2) "that the verdict of the jury is contrary to law." This motion was overruled, 'and from that judgment the defendant has appealed.

The only assignment of error on the record is that the court erred in refusing to grant the motion for a new trial.

The great weight of the evidence goes to show that the insured came to her death as the result of strychnine poisoning. There is no evidence going to show that she was insane, and the question most strenuously litigated was whether she took poison with suicidal intent or through mistake.

■ The burden of proof on this issue, presented by its affirmative plea, was on the defendant. Sovereign Camp, W. O. W. v. Hackworth, 200 Ala. 87, 75 So. 463; New York Life Ins. Co. v. Turner, 213 Ala. 286, 104 So. 643; Supreme Commandery, etc. v. Ainsworth, 71 Ala. 436, 46 Am. Rep. 332.

Material to this inquiry the defendant offered in evidence, as the bill of exceptions shows, a note found in the insured's purse or on top of her purse on her desk, which the defendant's evidence goes to show was written on a fresh sheet of paper, such as was used in the office where insured worked, and was in her handwriting. This note is not set out in the bill of exceptions so that it could be transcribed into the record, but is merely enclosed in an envelope which is pasted on one page of the record.

The plaintiff offered evidence going to show that this note was soiled and tending to show it had been written some considerable time before it was discovered, and was not in the handwriting of the insured. In rebuttal of this evidence the defendant offered a letter written by the insured as a basis of the comparison of handwritings, and the evidence of expert witnesses going to show that the handwriting of the note and the letter was the same. This letter was not incorporated in the bill of exceptions and transcribed into the record.

To supply this defect in the record, the appellant relies on a certificate made by the clerk attached to the back of the record, to the effect "that the Original Exhibits hereto annexed are the Original Exhibits introduced in evidence on the trial of the within stated cause and referred to in the bill of exceptions."

█ These matters of evidence are not within the scope and purview of rule 47, which covers "documents such as maps and photographs" introduced in evidence which are "difficult or impracticable to reproduce" in the record. Cannon v. Scarborough, 223 Ala. 674, 137 So. 900.

█ The matters referred to above are covered by rule 24 of Supreme Court Practice, which requires a certification, not by the clerk, but by the judge, and under the uniform rulings of this court, such matters of documentary evidence cannot be considered on appeal, though properly certified, unless they are also set out in the bill of exceptions in law cases, and in the record in equity cases, and such compliance with the rules cannot be waived. Pruitt v. McWhorter, 74 Ala. 315; Wright v. Dunklin, 83 Ala. 317, 3 So. 597; Black v. Pate, 130 Ala. 514, 30 So. 434; Gardner v. The State, 96 Ala. 12, 11 So. 402.

As was observed by Justice Sayre, in a recent case: "It is urged that this court, on May 12, 1927, the day on which this cause was submitted, noted on the trial docket leave to appellant to file original papers within ten days. This order, we presume, was made on the motion or suggestion of counsel. On May 6th the trial judge had ordered the papers to be transmitted, but they had not yet been filed in this court. Counsel for appellee does not appear to have opposed the motion, and upon this is based the contention of a waiver of the rule of procedure to which we have referred. The record of the cause (including the notation on the trial docket) is far from showing the intentional relinquishment of a known right. For one thing, the appellee had no right. *The matter presented affected the court and its procedure,* and, as for the court, it does not appear that it was informed of the situation or that the motion had other purpose than to permit the future filing of the papers which in due course should have been on the file at the time. In Pruitt v. McWhorter, supra, the court held that the agreement of counsel that original papers be omitted from the transcript did not warrant their consideration on appeal, so that in this case, as in Wright v. Dunklin, supra, we must pronounce judgment on the transcript proper without reference to the papers in question." (Italics supplied.) Commercial Inv. Trust, Inc. v. East, 217 Ala. 626, 117 So. 160, 161.

In the absence of these items of evidence, which were before the trial court, we cannot affirm error in the ruling on the motion for a new trial, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

### On Motion and Rehearing.

PER CURIAM.

The motion to set aside the judgment of affirmance and submission, and allow the appellant to withdraw the record, has been fully considered by the court sitting in banc, and we are of opinion that the motion is not well taken and should be and is overruled, and the application for rehearing denied.

All the Justices concur.