# THE SINGER MANUFACTURING COMPANY, Respondent, *v.* ABRAM CHALMERS et al., Appellants.

1. Admissions by Mortgagor—After Mortgage.—A mortgagee is a purchaser for value, and no acknowledgment or admission made by the mortgagor after the execution of the mortgage can be admitted to effect the rights of the mortgagee.

2. Sale by One Not Trustee.—Where by the terms of a deed of trust the United States Marshal was authorized to sell the property described, a sale made by a deputy of such marshal as "auctioneer" is void, and passes no title to the purchaser.

Appeal from the Third Judicial District Court.
The facts appear in the opinion of the court.

*Sheeks & Rawlins*, for appellants.

To establish the fact that the indebtedness was due from Pratt at the time of the sale, the plaintiff was permitted to introduce the written admission of Pratt, dated March 21, 1879, to the effect that the debt was still due. This was after Pratt had executed the subsequent mortgage to Thornton, owned at the time by the defendant, Rachel Chalmers.

If this action had been between the plaintiff and Pratt, the admission would of course have been proper; but as between plaintiff and a subsequent holder for value under Pratt it is simply hearsay, and its admission erroneous. 2 Wharton on Evidence, § 1165, and cases there cited; *Davis* v. *Shreve*, 14 Am. Dec. 67; Stephens Dig. of Ev. Art. 18.

The United States Marshal, for the time being, was the trustee authorized to sell. As the evidence seemed to show that he was not present in person at the sale, it was error to refuse the instruction asked as to sale by deputy.

It seemed to be intimated in the court below, that there might be a difference between a man and a marshal, as to the power to act in this matter by a substitute or deputy. This

was not an official duty, trust or power, none such can be imposed or conferred by an individual. The power of a marshal to act by deputy is given by statute, but it relates only to official duties. Until it shall have been judicially determined that a marshal is not, or cannot be, a man, we shall continue to consider this as a duty belonging to the man and not to the office.

If the sale was not made under the direct personal supervision of the trustee it was for that reason void. Waits' Action and Defenses, 235, 236; *May* v. *Frazee*, 4 Am. Dec. 159 and note; *Taylor* v. *Hopkins*, 40 Ill. 442; *Graham* v. *King*, 50 Mo. 22; *Howard* v. *Thornton*, 50 Mo. 291; *Bales* v. *Perry*, 51 Mo. 449.

*Marshall & Royle*, for respondents.

It is contended by the appellant, that there is "no evidence that this endorsement was on the note at the time the deed was executed."

In answer we say, that the face of the note, copied into the deed of trust, expressly referred to this endorsement, and by such reference, made the endorsement a part of the note. The writing acknowledging the debt of March 21, 1878, also admits that endorsement to be genuine; and this writing would be sufficient to prove the. debt secured by the deed of trust outside of the endorsement, or any of the other notes offered in evidence. 1 Wharton on Ev. § 619; 2 Wharton on Ev. § 1103; 52 New York, 131, Matter of the Commissioners, etc.

Bearing in mind the fact, that Shaughnessy swears positively, that the sale was made that day "Under my direction, control and supervision by Sprague, one of my deputies as auctioneer," and that he gave him instruction as to the sale; and the cases cited by appellants, as far as they are applicable, harmonize with our views herein.

In 1 Waits' Action and Defense, 235, 236, the author says "powers and duties which are merely mechanical in their nature" may be delegated.

The case of *May* v. *Frazee* in 14 American Decisions, is inapplicable to the case before this court; because, in that case there was a delegation of the whole matter by the trustee to an attorney by him appointed.

And in a note to that case which is referred to by appellants, it is said: " Perhaps, however, where the executor had determined the necessity, they might properly delegate to an attorney the mere ministerial act of selling. The doctrine is, that it is the discretion only which cannot be delegated; and where that is reserved to the donee of the power, other acts necessary to the execution may well be performed by attorney." See, also, further in the same connection, *Hawley* v. *James*, 5 Paige's Ch. Reports, 487.

*Taylor* v. *Hopkins*, 40 Ill. 442, was a direct proceeding to set aside a sale; and was a case reeking with fraud, in which a sale was made notwithstanding an injunction prohibiting it, and in which property worth $1,000, was sold for $20, and in which the purchaser as well as the trustee was a party to the fraud. In that case the deed of the trustee was set aside; but the court says on page 447, "had no steps been taken to prevent this sale, and Taylor had purchased without notice, actual or constructive, it might, and no doubt would, have presented a very different question." In that case also the court speaking of the trustee, says on page 445: "He might, it is true, have employed an auctioneer to cry the sale under his immediate supervision, and he could have still controlled for the interest of the parties." *Graham* v. *King*, 50 Mo. 22, was a direct proceeding to enjoin and restrain the trustee from making a deed under a sale by a minor son of the trustee, the trustee having left the matter of the sale in the hands of his son. The notice was held insufficient, it was a notice in the English language in a German paper. The property sold for greatly less than its value. Perpetual injunction issued.

In *Howard* v. *Thornton*, 50 Mo. 291, the trustee substituted another party, and sold the property by and through an attorney in fact appointed for that purpose.

*Bales* v. *Perry*, 51 Mo. 449, was a direct proceeding to redeem the property sold.

A mortgage of land in Kansas City, Mo., had been given, with power of sale in the mortgagee. The mortgagee (who was also the trustee) lived in Weston, Mo., and from Weston sent notice of sale to an agent, Bouton, but named no particular paper in which it was to be inserted, and gave Bouton no particular directions as to the sale of the property, but simply directed him to sell it, and make the money out of it if he could. The property consisted of twenty lots in Kansas City; the agent put up two lots at a time; and the property sold for $1,600, which was $800 less than the amount of the debt.

The court after stating the general rule as to the delegation of authority by a trustee to another, goes on to say, on page 451: " Mere mechanical or ministerial duties as for example, causing advertisements of sale to be put up, proclaiming the same at auction, and receiving bids, may be done by others," etc.

BOREMAN, J., delivered the opinion of the court:

This is an action of ejectment, the verdict and judgment being for plaintiff, the defendants have appealed.

The appellants in their answer denied the title of the respondent, who claimed through a sale under a deed of trust executed by one C. E. Pratt. The appellants objected to the introduction in evidence of an endorsement on the note for which the trust deed was given. The note was described in the deed; but there was no reference therein to the endorsement except the reference in the note itself. The note on its face said there should be " interest at the rate of two per cent. per month, after breach of the condition endorsed on the back of this note." This was a sufficient recognition of the existence of the endorsement to put third parties on their inquiry.

The introduction of the endorsement being proper, the admission of notes embraced within the condition was proper,

35

although they were not described in the deed. If the condition endorsed on the note set out in the deed was valid (and there is no question raised here as to its validity), it was certainly the privilege of the respondent to show that such condition had been broken, and such was the purpose for which the notes (other than the one described in the deed of trust) were introduced.

The respondent in seeking to maintain his case by proving the non-payment of the note described in the deed of trust, introduced the written statement or acknowledgment of C. E. Pratt, the maker of the note and deed of trust, that the note had not been paid. There was no privity between Pratt and the appellants, to entitle his acknowledgments or statements to be admitted in evidence. He was not a party to the action, and his statement could be no more than hearsay, so far as the parties to this action are concerned. The appellants had nothing to do with the deed of trust, or the note therein described, and no acknowledgments or statements of parties with which they were not connected, could affect their rights.

The appellants further claim that Pratt, after giving the deed of trust, executed a mortgage, which is now owned by one of the appellants, and that said statement was objectionable also for being made after the execution of the mortgage. The mortgagee was a purchaser for value. *New Orleans C. & B. Co.* v. *Montgomery*, 95 U. S. (5 Otto,) p. 16; and no acknowledgments made by Pratt after the execution of the mortgage could be admitted to affect the rights of the mortgagee or those claiming under him. *Dodge* v. *Freedman's S. & T. Co.*, 93 U. S. (3 Otto,) p. 379. But whether such a mortgage was made or not, does not appear from the evidence brought up, yet it is not necessary, in order to render the acknowledgment or statement of Pratt objectionable, that such mortgage should have been shown. The statement was objectionable without it.

The deed of trust authorized the sale to be made by the

The Singer Manufacturing Company v. Abram Chalmers et al.

United States Marshal. This was not done. One of his deputies made the sale as *auctioneer*. It is not claimed that he acted as deputy, but simply that a person who was a deputy acted as the auctioneer. Nor do we think that the marshal could have acted by deputy, unless the deed of trust had shown express authority to that effect, which it did not do. The fact that no injury or fraud in the sale has been shown, does not affect the question. Nor is it affected by the fact, that the purchaser was an innocent party. The sale was made by one not authorized to make it, and cannot be upheld. It is simply void, and no one gains any rights under it. A purchaser must know that the sale is made by the proper person. The deed of trust shows who could make the sale. A trustee can no doubt employ an auctioneer to act for him in crying off the property; but the trustee must be present and superintend the sale. The trustee in the present instance says that he does not think he was present at the sale.

The judgment of the court below is reversed, with costs.

HUNTER, C. J., and EMERSON, J., concur.