ADAM LAHMERS *vs.* CARL SCHMIDT.

July 14, 1886.

**Agreement to Pay Note and Mortgage Held by Third Person—Assignment.**—A. entered into a parol agreement with H., upon a sufficient consideration moving from the latter, to pay the amount of a note and mortgage held by L. against H. *Held*, that such agreement constituted a valid and binding obligation in favor of L. Subsequently L. assigned the mortgage and debt thereby secured to the plaintiff. *Held*, also, that the agreement of A., being in the nature of additional security for the payment of the mortgage debt, passed with the assignment thereof as an incident, and the plaintiff may enforce the same by action against A.

The plaintiff brought this action in the district court for Olmsted county, to recover the unpaid balance due upon a promissory note. The complaint set out in substance the following facts : On October 1, 1878, one Harmon, being the owner of certain land, mortgaged it to one Stephenson to secure payment of $550. On December 19, 1878, he gave a second mortgage on the same land to one Charles Lahmers, to secure the payment of his note for $286. On January 31, 1880, the mortgage to Stephenson was duly foreclosed. In December, 1880, before the time for redemption from the foreclosure of the Stephenson mortgage had expired, the defendant promised and agreed with Harmon to pay all unpaid notes secured by mortgage on the land, if Harmon would abstain from redeeming the land, and would not transfer his right of redemption to any person. Relying upon such promise, Harmon and Charles Lahmers, did not redeem or transfer the right of redemption, and on January 5, 1881, defendant acquired the interest of the purchaser at the foreclosure sale

On March 17, 1881, Charles Lahmers transferred to the plaintiff his note and mortgage, and (as alleged) all his interest in the promise and obligation of the defendant to pay the same. The answer admitted the making of the mortgages, the foreclosure of the Stephenson mortgage and defendant's title thereunder, and the assignment of the second mortgage to plaintiff. The action was tried before *Start*, J., and a jury, and plaintiff had a verdict. Defendant appeals from an order refusing a new trial.

*Chas. C. Willson*, for appellant.

*H. A. Eckholdt*, for respondent.

VANDERBURGH, J. The agreement of the defendant with Harmon to pay the amount of the note and mortgage held by Charles Lahmers against him was a valid obligation, upon a sufficient consideration moving from Harmon to the defendant. This was not disputed by defendant upon the argument. The verdict of the jury determined that the defendant undertook to pay off the debt and discharge the incumbrance in question, being the amount of principal and interest due when the agreement became operative. Subsequently, Charles Lahmers sold and assigned the mortgage, together with the note accompanying the same, to the plaintiff, who brings this action. The defendant contends that the cause of action which Charles Lahmers had against him upon the alleged promise did not pass by this assignment. To this we do not agree. The assignment carried with it the obligations of all persons who were bound to pay the principal debt. The promisee, Charles Lahmers, acquired, through the promise of the defendant, additional security for the payment of his debt, and such security passed with the assignment to the plaintiff as an incident, and he may enforce it. *Barlow* v. *Myers*, 64 N. Y. 41; *Craig* v. *Parkis*, 40 N. Y. 181.

Judgment affirmed.