Argued December 8, 1897; decided January 10, 1898.

## LANDIGAN *v.* MAYER.

[51 Pac. 649.]

32   245
37   111
32   245
f39  559
32   245
48   336

ASSIGNMENT OF CONDITIONAL SALE CONTRACT.— An assignment of a contract for the sale of chattels, by the terms of which title remains in the vendor to secure the purchase price, carries with it the right of property, together with the right of possession for condition broken, whether the default be prior or subsequent to the assignment.

FIXTURES — ANNEXATION TO REALTY.— The original character of chattels may be preserved by agreement, when they are of such a nature as not to lose their distinctive identity by annexation to the realty, and when the removal of them will not materially impair their value or injure the structure to which they are attached: *Hinkle* v. *Dillon*, 15 Or. 610, approved.

PAROL AGREEMENT — FIXTURES — BONA FIDE PURCHASER.— A purchaser for value and without notice of realty having chattels annexed thereto will be entitled to the chattels as against one claiming under a prior sale or agreement by which such personal property was to preserve its original character: *Muir* v. *Jones*, 23 Or. 332, approved and applied.

CONSIDERATION FOR MORTGAGE.— An actual liability contracted by becoming surety on a redelivery bond constitutes a sufficient consideration for a mortgage given to indemnify such surety.

PROTECTION TO MORTGAGEE.— A *bona fide* mortgagee without notice, or his assignee, is entitled to the same protection against prior claims as a *bona fide* grantee without notice.

NOTICE OF PRIOR CLAIMS.— The assignee of a mortgage is protected against all claims which were invalid against his assignor by reason of want of notice, although before the assignment the assignee had knowledge of such claims.

PLEADING — DENIAL OF NOTICE.— A specific denial in the reply of an allegation in the answer denying knowledge of plaintiff's claim at the time of the execution sale under defendant's mortgage will not negative a separate allegation in the answer denying such knowledge at the time defendant's mortgage was executed.

TESTIMONY ON ADMITTED ALLEGATIONS.— It is error to permit the introduction of testimony to dispute a material allegation which stands admitted in the pleadings.

PROTECTION TO EXECUTION PURCHASER.— A purchaser at a mortgage foreclosure sale is entitled to the same protection against prior claims as the mortgagee enjoyed.

CONCLUSIVENESS OF JUDGMENT.— One not made a party to a foreclosure suit is not bound by the decree therein, but may attack the mortgage as though such decree had not been entered.*

From Multnomah:   E. D. SHATTUCK, Judge.

This action was instituted by John Landigan against F. J. Alex. Mayer, administrator of the estate of George Herrall, deceased, to recover certain personal property, consisting of a planer, boiler, engine, and governor, bought of J. M. Arthur & Co., in November, 1890, by Jonathan Tice, who, with Viola Tice, then entered into three several contracts with the company, all similar in nature, and in form as follows:

"Portland, Oregon, November 29, 1890.   $500.00. June 5, 1891, after date, without grace, for value received, I promise to pay to the order of J. M. Arthur & Co., at Portland, Oregon, $500.00, payable in gold coin of the United States of America, with interest thereon, in like coin, from date until paid, at the rate of 10 per cent. per annum. And in case action is instituted to collect the money above mentioned, or any portion thereof, I promise to pay, besides the costs prescribed by statute, a reasonable attorney fee in such suit or action. The above note is given upon and for the sole consideration that the said J. M. Arthur & Co. have agreed and promised that, upon the payment of the said note, principal and interest, at maturity, and all other sums of money payable to J. M. Arthur & Co., then due,

*NOTE.—On this subject and to the same effect see *Humboldt County* v. *Lander County*, 58 Am. St. Rep. 750 (22 Nev. 248), and *Short* v. *Galway*, 4 Am. St. Rep. 168, with note (83 Ky. 501).—REPORTER.

or to become due, whether evidenced by note, book account, or otherwise, they will sell and transfer to the undersigned the property described in exhibit A, below, which is hereby made a part of this agreement, which the said J. M. Arthur & Co. have intrusted to the care of the undersigned. It is admitted and agreed that the said property so intrusted is the property of said J. M. Arthur & Co., and the legal title thereof is in said J. M. Arthur & Co., and shall remain in them until they shall make the aforesaid sale and transfer, after all the payments aforesaid shall be paid. And the undersigned agree to return the said property, as set forth in said exhibit A, to the said J. M. Arthur & Co., if requested, at any time before said sale and transfer, in good order, and such return shall not extinguish or alter the liability of the undersigned to pay the principal and interest aforesaid. And the undersigned also agree to keep said property insured in a sufficient amount, in favor of J. M. Arthur & Co., to cover their interest at all times before the completion of this agreement. Jonathan Tice. Viola Tice."

"Exhibit A. One No. 5 Glen Cove planer and matcher, complete, with countershaft and match heads." These contracts were assigned to plaintiff by indorsements, as follows: "For value received we hereby assign to J. Landigan or order all our title to, interest in, and rights under the within contract, without recourse."

It appears from the testimony that the property was furnished the said Jonathan Tice to be placed

in a structure known as the "South Portland Mill," and that it was so placed during its construction. The boiler was set in the wall, and covered with brick and mortar, the engine bolted down with rods running through the timbers on which it rested, and the planer attached to the floor by wood screws or bolts, and all connected by steam pipes or belts, and operated by the engine in the manner usual in such mills. Subsequently the South Portland Lumbering Company, a corporation, became the owner of the mill and property in controversy. On December 10, 1891, the company executed a mortgage to George Herrall on the premises upon which the mill was erected, with appurtenances. Later a suit was instituted by Henry Failing against the South Portland Lumbering Company and others, including Herrall, to foreclose a prior mortgage, in which suit Herrall, by answer, set up his mortgage. Both mortgages were foreclosed, and a sale ordered, at which Herrall became the purchaser, and subsequently obtained a sheriff's deed, and his administrator now claims the property sued for as an innocent purchaser without notice or knowledge of plaintiff's claim or demand. Plaintiff recovered in the court below, and defendant appeals.

REVERSED.

For appellant there was a brief over the names of *Durham, Platt & Platt, Edward Mendenhall,* and *Edward B. Watson,* with an oral argument by *Mr. Benjamin B. Beekman* and *Mr. Mendenhall.*

For respondent there was a brief over the name of *Hume & Hall,* with an oral argument by *Mr. John H. Hall.*

MR. JUSTICE WOLVERTON, after setting forth the facts, delivered the opinion of the court.

It is urged that the assignments by J. M. Arthur & Company to the plaintiff transferred their claims or demands only, and that the title to the property, notwithstanding, remained in J. M. Arthur & Company. In this we cannot concur. The contracts are not only evidences of J. M. Arthur & Company's demands against Tice, but they contain the condi tions upon which he may retain the property, and obtain a perfect title thereto, it having been delivered into his possession with the execution of such contracts. The transactions amount to conditional sales, with delivery of possession, the sole purpose of retaining the bare legal title being to secure payment of the purchase price. Tice could not be deprived of his possession or right to acquire the title except for some default in his agreements, and, in view of these conditions, we think that the assignments of the contracts carried with them the right of property, together with the right of possession for condition broken. Plaintiff could therefore maintain the action, and it could make no difference whether the defaults occurred before or subsequent to the assignments: *Ross Foundry Company* v. *Pascagoula Ice Company,* 72 Miss. 608 (18 South. 364); *Schlieman* v. *Bowlin,* 36 Minn. 198 (30 N. W.

879); *Lahmers* v. *Schmidt*, 34 Minn. 434 (29 N. W. 169); *Burnell* v. *Marvin*, 44 Vt. 277.

Ordinarily, the personalty sought to be recovered would be classed as fixtures and considered part and parcel of the realty to which they are annexed. But where chattels are of such a nature as that they do not lose their distinctive identity by annexation, and do not thereby become so essentially a part of the structure as that their removal will materially injure or destroy the structure, or destroy or unnecessarily impair the value of the chattels, their original character may be preserved by agreement of the parties interested: *Henkle* v. *Dillon*, 15 Or. 610 (17 Pac. 148); *Binkley* v. *Forkner*, 117 Ind. 176 (3 L. R. A. 33, 19 N. E. 753); *Tifft* v. *Horton*, 53 N. Y. 377 (13 Am. Rep. 537); *Sisson* v. *Hibbard*, 75 N. Y. 542.

A purchaser, however, of the realty to which such property has become so annexed, for value, and without notice or knowledge of the distinctive character cast upon it by the agreement, will take it as a part and parcel of the realty, and his title will prevail as against those claiming under the agreement: *Muir* v. *Jones*, 23 Or. 332 (19 L. R. A. 441, 31 Pac. 646); *Forrest* v. *Nelson*, 108 Pa. St. 481.

Now, if Herrall, as defendant claims, became surety, at the instance of the South Portland Lumber Company upon a redelivery bond for such company, and thereby contracted an actual liability, this would constitute a sufficient consideration for the mortgage given him for his indemnity. That question was properly submitted to the jury.

Defendant in his answer alleged that the South Portland Company, "on ———, 1891, being the owner in fee and in possession of said property, executed and delivered to this defendant, who had no notice or knowledge of plaintiff's claim or of any of the facts alleged in the complaint, its mortgage on all said real property." Then, after showing the foreclosure of Failing's prior mortgage, and of Herrall's mortgage in the same suit, he having been made defendant, it is further alleged: "That on March 30, 1893, upon execution sale under said decree, this defendant became the purchaser of all of said real property for $14,500, which he then paid, and on May 18, 1893, the said circuit court confirmed said sale in all respects; that defendant had no notice of plaintiff's claim, and was an innocent purchaser, for value, of all of said real property." This latter clause, alleging want of notice and knowledge, is denied specifically by the reply, but the former one is not, and therefore stands admitted. Plaintiff was permitted to prove, over the objection of defendant, that at and prior to the time of the execution of the mortgage Herrall had notice and knowledge of the claim referred to, and this is assigned as error. To meet this claim of error the plaintiff urges that the allegations are both touching the same fact, and therefore that a denial of one is sufficient. If such was the case, it would not have been necessary to repeat the denials. The former allegation, however, is of the absence of notice or knowledge at the time of the execution of the

mortgage, and the latter has reference to the time
of purchase at the execution sale. The distinction
is marked, and quite material. The doctrine is
specifically stated in the headnote to *Pierce* v.
*Faunce*, 47 Me. 507, that "a mortgage is *pro tanto*
a purchase, and the *bona fide* mortgagee or assignee
of the mortgage, without notice of a prior claim,
is entitled to the same protection as a *bona fide*
grantee without notice." See, also, *Porter* v. *Greene*,
4 Iowa, 571; *Manufacturing Company* v. *Chalmers*,
2 Utah, 542; and 2 Jones on Mortgages, § 710. And
in *Plaisted* v. *Holmes*, 58 N. H. 619, the same
doctrine is announced as it respects personal chat-
tels. It is also established that a purchaser with
notice from a prior *bona fide* purchaser without
notice who is entitled to protection as such, is him-
self entitled to the same protection as it concerns
claims which were invalid as against his grantor:
*Varick* v. *Briggs*, 6 Paige, 323; *Wood* v. *Chapin*, 13 N.
Y. 509 (67 Am. Dec. 62); *Webster* v. *Van Steenbergh*,
46 Barb. 211; *Pierce* v. *Faunce*, 47 Me. 507. It thus
appears that if Herrall took and received the
mortgage *bona fide* and for value he would be pro-
tected, although he may have had knowledge of
plaintiff's claim at the time he purchased at the
sale under the decree. So it cannot be that the
allegation of the absence of notice at the time of
the execution of the mortgage is of the same fact
as the allegation of want of notice at the time
of purchase at the execution sale. It may also be
predicated of the former allegation that it is of a
fact material to the defense, and ought to have

been denied if it was designed to controvert it.
Not having been denied, it becomes a fact admitted, and is conclusive upon the plaintiff, and
it was error in the court to permit the introduction of testimony tending to dispute it. The purchase of Herrall was under the decree of foreclosure, which included the foreclosure of his mortgage, as well as that of Failing, the plaintiff in
the suit. The execution must be deemed to have
issued at the joint request of himself and the
plaintiff therein (subdivision 1, section 417, Hill's
Ann. Laws), and a purchaser at the sale would be
entitled to like protection as Herrall would be
under his mortgage.

The defendant introduced in evidence in his
own behalf the mortgage from the South Portland
Lumber Company to Herrall and the judgment roll
in the foreclosure suit. The mortgage purported to
be given to secure the payment of a promissory
note calling for $7,500 executed by said company
to Herrall. The judgment roll also showed that the
decree was in favor of Herrall for a like amount.
Evidence was offered in rebuttal by plaintiff, and
received over objections, tending to show that the
said consideration for the mortgage was different
from what it purported to be upon its face. It is
claimed that the decree is conclusive against plaintiff, both as to the good faith and sufficiency of
consideration for the mortgage. But this cannot
be so. The plaintiff was not made a party to the
foreclosure suit, and, not having had his day in
court, could not be bound by the decree, as it may

affect the property sought to be recovered. The mortgage stands as to him as though it had never been foreclosed, and he is at full liberty to attack it, for want of good faith or a valid consideration to support it, as though the decree had never been entered. But for the error noted the judgment will be reversed and the case remanded for such further proceedings as may seem advisable, not inconsistent with this opinion.

REVERSED.

Decided October 25, 1897; rehearing denied.