Argued 19 February; decided 16 April, 1900.

## HERSHBERGER v. JOHNSON.

[60 Pac. 838.]

CHATTELS—ANNEXATION TO REALTY.

Where an engine, boiler and sawmill machinery are placed on leased ground under an agreement that they should not become realty, they will retain their distinctive identity unless they are so annexed to the land that their removal will injure the land or destroy their value: *Landigan* v. *Mayer*, 32 Or. 245, applied.

From Lane : J. C. FULLERTON, Judge.

Suit by N. L. Hersberger against A. J. Johnson, Sheriff of Lane County, and others, for an injunction. A decree having been entered for defendants, plaintiff appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Messrs. John M. Williams* and *L. Bilyeu.*

For respondents there was a brief over the names of *A. C. Woodcock* and *Daly & Hayter*, with an oral argument by *Mr. John J. Daly.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is a suit to enjoin the Sheriff of Lane County from taking certain personal property, consisting of a boiler, engine and sawmill complete, with belts, saws, pulleys, shafting, and all other appliances, machinery, tools, etc., attached thereto, or in anywise appertaining or belonging to said boiler, engine, or sawmill, from the possession of plaintiff. The injunction being dissolved and complaint dismissed, the plaintiff appeals.

The defendants claim ownership under a sheriff's sale in pursuance of an execution issued out of the circuit court in a cause wherein J. W. Crider was plaintiff and Levi P. Hershberger was defendant. The property had

previously been attached in said action as real estate on April 5, 1897, judgment and an order of sale having been given and entered meanwhile. The plaintiff claims ownership under a constable's sale by virtue of an execution issued out of a justice's court in a cause wherein one S. A. Staver was plaintiff and Levi P. Hershberger, J. A. Yoder, and J. D. Mishler were defendants. The execution was levied March 15, 1897, and sale made April 27 following. On the day of the levy of the execution in that case a writ of attachment was issued out of the justice's court in another cause, wherein Mitchell, Lewis & Staver Co. was plaintiff and Levi P. Hershberger and J. D. Mishler were defendants, and the same property attached. Judgment was entered in the latter cause March 25, 1897, wherein the attached property was ordered sold. Execution was issued in this cause April 15, and a sale had of the attached property at the same time as under the previous execution. The plaintiff's predecessor became the purchaser under both these executions. In the levy the property was treated as personalty, and was sold and purchased as such at the execution sales. The liens acquired under the justice's writs antedate the attachment in the case of Crider against Levi P. Hershberger, and the pivotal question presented is whether the property was personalty or real estate. If the former, the plaintiff has acquired the prior title; otherwise not. The boiler, engine and sawmill, with the belts, etc., attached, are situated upon leased land, and were placed thereon by Levi P. Hershberger, under an express agreement with the owners of the land couched in the lease, to the effect that they should not become a part of the realty. Of this condition the defendants, or, at least one of them, had notice, as they set forth the alleged facts in their answer, which would indicate as much. The rule is now well estab-

lished that, when things personal in their character are about to be annexed to realty, parties may, in anticipation of such annexation, by express agreement provide that such chattels shall retain their character and status as personalty; and if they do not, by their annexation, lose their distinctive identity, and thereby become so essentially a part of the realty that their removal will materially injure or destroy the realty, or destroy or unnecessarily impair the value of the chattels, their original character will be preserved by the agreement. Such is the effect of the decisions of this court. See *Henkle* v. *Dillon*, 15 Or. 610 (17 Pac. 148); *Landigan* v. *Mayer*, 32 Or. 245 (67 Am. St. Rep. 521, 51 Pac. 649). We only know from a general description of the property what its character is, but from this it is apparent that it is of such a nature as to admit of an agreement to preserve its original identity, although it may have been attached to the soil for the purposes of its operation and use. This being the only question involved, in the view we have taken of the controversy, the decree of the court below will be reversed, and one here entered making the injunction perpetual.                                REVERSED.