### MEYER v. PACIFIC MACHINERY CO.

(Circuit Court of Appeals, Ninth Circuit. August 6, 1917.)

No. 2928.

1. SALES ⬤⟹479(7)—CONDITIONAL SALE—EVIDENCE.

In an action for the possession of sawmill machinery claimed to have been delivered to defendant's predecessor in interest under a conditional contract of sale, with retention of title until paid for, evidence *held* to sustain a finding that the machinery was delivered under a contract reserving title.

2. SALES ⬤⟹473(1)—CONDITIONAL SALE—RESALE—BONA FIDE PURCHASER.

Where machinery sold under a contract of conditional sale was sold by the buyer's assignee for the benefit of creditors, a purchase by the cashier of a national bank made for the bank on account of its claim against the buyer lacked the essential elements of a bona fide purchase for value.

3. SALES ⬤⟹477(1)—CONDITIONAL SALE—TITLE TO PROPERTY—WAIVER AND ESTOPPEL.

Where the seller of machinery under a contract of conditional sale wrote a letter to the buyer stating that its lien was based on the theory that the buyer's refusal to give a machinery contract which could be filed under the registry law would not deprive it of the security which it would have lost had it failed to file such contract, and thereafter brought an unsuccessful suit in equity against the buyer claiming an equitable lien by

reason of the buyer's failure to comply with its conditional sale contract the letter and the suit did not waive the seller's claim of title to the property or estop it from asserting it, where there was no proof that the buyer had changed its position or in any way acted thereon.

4. FIXTURES ☞22—CONDITIONAL SALE—MILL MACHINERY—"FIXTURE."

Mill machinery attached only by bolts and screws, and which could be removed without injury to the mill, was not a fixture within L. O. L. § 7414, which could not be removed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fixture.]

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Action by the Pacific Machinery Company against F. T. Meyer. Judgment for plaintiff, and defendant brings error. Affirmed.

Dolph, Mallory, Simon & Gearin and Hall S. Lusk, all of Portland, Or., and C. D. Latourette, of Oregon City, Or., for plaintiff in error.

Ira Bronson, J. S. Robinson, and H. B. Jones, all of Seattle, Wash., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and DIETRICH, District Judge.

GILBERT, Circuit Judge. The defendant in error was the plaintiff in the court below in an action to recover the possession of certain sawmill machinery, claiming that the same was delivered to the Oregon City Lumber & Manufacturing Company, the predecessor in interest of the plaintiff in error, under a conditional contract whereby the title was to remain in the vendor until paid for. The parties will be designated herein plaintiff and defendant, as in the court below. On April 29, 1909, the plaintiff submitted to the lumber company the following proposition:

"We propose to furnish you machinery in accordance with attached specifications for the sum of $4,695, including a 11x14 Beck type engine feed, which is not mentioned in the specifications, delivery to be made at Portland. Terms to be $1,500 cash on arrival of the machinery, balance to be paid in equal payments of two, three, four, and five months, dating from shipment of machinery. Transaction to be covered by machinery contract, with notes on deferred payments bearing interest at 8 per cent., notes to be indorsed by the company as well as by your Mr. Bohn and Mr. Collins, personally."

The proposition was accepted in writing, and $100 in cash was paid to the plaintiff. The machinery was thereafter manufactured, and was delivered from time to time until July 23d, when the last installment was delivered. Upon that date the plaintiff made out a statement of the items and the cost thereof, amounting in all to $6,328.54, stating that $2,035.54 was due upon execution of the contract, and asking for a check for that amount less the $100 already paid, and that notes for the remainder be signed, "also contract." Accompanying the statement was a contract to the effect that the sale was conditional, and that the title was to remain in the vendor until the conditions were complied with. The lumber company refused to sign the contract or

to make the check, or to execute the notes, claiming that the lumber company was entitled to a discount for delay in shipping the machinery, and for changes therein, and that the contract submitted was not the contract agreed upon. On October 28, 1909, the lumber company made a general assignment of its property for the benefit of its creditors. On April 20, 1911, the assignees sold the mill property to the defendant. It was the contention of the defendant that the machinery was sold to the lumber company unconditionally, and that title thereto passed, that the defendant purchased the same without any notice or knowledge of the adverse claim of the plaintiff, and that neither the assignees in insolvency nor the defendant had any knowledge or notice of any defect in the lumber company's title to the property.

[1] As to the original understanding between the contracting parties of date April 29, 1909, the testimony is contradictory. The president of the lumber company testified that there was no agreement that the sale should be conditional. The agent of the plaintiff testified that he explained to the lumber company that, as a great part of the machinery was made up specially, it would have to be sold on a contract, retaining in the plaintiff the title to the machinery until it was paid for. The court below made no finding of fact as to this controverted point, but found that the words in the original proposition "transaction to be covered by machinery contract," together with the fact that but $100 was paid, and the absence of appropriate words of sale in the written proposal, sufficiently indicated that there was no intention to pass title at the time, and that the sale was conditional.

In view of the circumstances so alluded to by the court below and the testimony in the case, we find no ground to disturb the conclusion of that court that the machinery was delivered to the lumber company under an agreement and understanding that the title was to remain in the vendor until the machinery was paid for.

[2] We think also that the positive testimony of the agent of the plaintiff that notice of the plaintiff's claim was given to the defendant prior to the sale, when considered in connection with the uncertain denials of that testimony on the part of the defendant, justifies the conclusion that such notice was given. The defendant was the cashier of the First National Bank of Oregon City, and the property was bid in by him for the bank, on account of a large claim which the bank held against the lumber company. The purchase so made on behalf of the bank lacked the essential elements of a bona fide innocent purchase for value.

[3] Nor do we think that the evidence sustains the contention of the defendant that the plaintiff has waived its claim of title to the property or is estopped to assert the same. The contention is based: First, on a letter which the plaintiff wrote to the lumber company on November 13, 1909, in which the writer said that the plaintiff's position with reference to being "entitled to a lien upon the machinery which we put in the mill is based upon the theory that the refusal of the mill company to give us a machinery contract such as we could file under the registry law, will not be held by the courts to deprive us of the security which we would undoubtedly have lost had we failed to file such a con-

ditional sale through our own laches"; second, upon the fact that on September 28, 1911, the plaintiff brought an unsuccessful suit in equity against the lumber company and the defendant herein, alleging that the machinery had been delivered, that the transaction was secured by conditional sale contracts, that the lumber company never complied with its agreement, and that by reason of the facts the plaintiff has claimed an equitable lien upon the machinery. These facts, in the absence of proof that the defendant, in reliance thereon, changed his position in regard to the subject-matter of the controversy, or in any way acted thereon, are insufficient to establish waiver or create estoppel.

[4] The defendant contends that, when it bid in the property, the machinery had been made a fixture in the mill, and that therefore it cannot now be removed, citing section 7414, Lord's Oregon Laws. But the evidence shows that the machinery is attached only by bolts and screws, that it can be removed without injury to the structure, and that it is not a fixture within the meaning of the law. Landigan v. Mayer, 32 Or. 245, 250, 51 Pac. 649, 67 Am. St. Rep. 521; Henkle v. Dillon, 15 Or. 610, 17 Pac. 148.

The judgment is affirmed.