### EUREKA GOLD MINES v. CUBE MINES CO. et al. (CHICAGO PNEUMATIC TOOL CO. Intervener.)

(Third Division.   Valdez.   June 4, 1918.)

.No. 905.

**Sales ☞472(1)—Conditional Sale to Lessee.**

Plaintiff leased its mines in Alaska, with a clause in the lease providing "that the machinery, tools, equipment and improvements placed on said mining claims by him [the lessee] shall become the property of the owner on the termination of the lease." Lessee placed a compressor on the claims, purchased from intervener under a conditional bill of sale, providing that the right, title, and possession thereof should remain in the intervener until paid for. Nothing was paid on the compressor when the lessor resumed possession of the property. The compressor was comparatively a small piece of machinery, fastened to its bed by eight bolts, and could be removed by un-

screwing the nuts from the bolts. *Held*, the intervener was entitled to recover the possession of the machinery under the terms of its conditional bill of sale, as the owner thereof.

In August, 1915, the plaintiff, Eureka Gold Mines Company, gave a written lease to M. F. Hendrickson of five lode mining claims owned by it near Valdez, Alaska, and Hendrickson assigned the lease to the defendant Cube Mines Company in February, 1916. By the terms of the lease the lessee was to employ at least two men during the first year of the contract, and not less than ten men during the second year and each year thereafter, "in developing, operating, or otherwise working said property." It is provided:

"That the machinery, tools, equipment and improvements placed on said mining claims by him [the lessee] shall become the property of the owner on the termination of the lease."

Said Cube Mines Company did considerable development and mining work upon said claims, and in April or May, 1917, placed a compressor on the said property, which it secured from the Chicago Pneumatic Tool Company, intervener herein. While the plaintiff claims that the said intervener sold the said machinery to the Cube Mines Company on credit, I think the testimony clearly establishes the fact that the sale was a conditional sale, and a conditional bill of sale or contract was executed by the said Cube Mines Company and the said Pneumatic Tool Company, providing that the right, title, and possession should remain in the intervener until paid for, and the testimony shows that same was not paid for, nor any part of it, except $175 paid for some extra work in hastening the delivery. The testimony further discloses that the said Cube Mines Company placed about $10,000 worth of other machinery, tools, and equipment upon said mining claims, which is not in controversy, but which was forfeited to the said Eureka Gold Mines Company under the terms of said lease; the Cube Mines Company having thrown up its said lease in June or July of 1917. The said lease also contained an option to the lessee to purchase the said mining claims at the lessee's option, and the same was recorded in the office of the United States commissioner and ex officio recorder at Valdez, Alaska, on August 11, 1915, and the assignment by Hendrickson to the

Cube Mines Company was recorded in said office January 27, 1917. The conditional bill of sale from the Chicago Pneumatic Tool Company to the Cube Mines Company was not recorded.

Donohoe & Dimond, of Váldez, and Lyons & Ritchie, of Seattle, Wash., for plaintiff.

W. S. Bonnifield and J. L. Reed, both of Valdez, for intervener.

BROWN, District Judge. The said conditional sale was not only good under the common law, but expressly recognized by statute of Alaska. Chapter 66, pt. 2, § 20, Session Laws 1913.

The plaintiff is entitled to recover in this case only upon the theory that the said compressor became so permanently affixed to the soil as to become a permanent part thereof. It surely would not be reasonable to contend that, if some third person had loaned a small piece of machinery or some tools to the said lessee, the owner of the property, the Eureka Gold Mines Company, could claim the same, merely because the lease provided that the lessee should forfeit all machinery, tools, etc., placed thereon by it.

The testimony shows that this is comparatively a small piece of machinery, and that it was laid upon a concrete bed, and fastened by eight bolts, and the same could be detached and removed by unscrewing the nuts fastened on said bolts, with little or no damage, except the removal of a few boards of the temporary structure and shed covering the same. See Mineral Creek Mining Co. v. Ramsey, 4 Alaska, 734; In re Seward Dredging Co., 242 Fed. 225, 155 C. C. A. 65.

In the case of Detroit Steel Cooperage Co. v. Sistersville Brew. Co., 233 U. S. 717, 34 Sup. Ct. 753, 58 L. Ed. 1166, the court says:

"The question is not whether they were attached to the soil, but we repeat, whether the fact that they were necessary to the working of the brewery gives a preference to the mortgagee. We see no sufficient ground for that result. This class of need to use property belonging to another is not yet recognized by the law as a sufficient ground for authority to appropriate it. If the owner of the tanks had lent them, it would be an extraordinary proposition that it lost title when they were bricked in. That it contemplated the ultimate passing of title upon an event that did not happen makes

its case no worse, except so far as by statute recording is made necessary to save its rights."

The case upon which plaintiff relies, Puzzle Mining & Reduction Co. v. Morse Bros. Machinery & Supply Co., 24 Colo. App. 74, 131 Pac. 791, seems to sustain plaintiff's view of this case, but in that case, while the facts are almost identical, the lease provided that the lessee should place certain machinery, describing the same, thereon, which would be an addition to the mill already situated thereon, and may well be held to be part of the consideration for entering into the lease, while in this case the lease did not provide that any particular machinery should be placed thereon, but, in the event that it was, the same should become the property of the owner on the forfeiture of the lease.

I think the evidence clearly establishes the fact that said piece of machinery can be removed without any damage to the property on which it is placed and in equity and good conscience, the intervener ought to be permitted to remove it. There is no reason why it should be called upon to contribute about $2,500 to the plaintiff, for which it would receive no consideration whatever. I believe this position is sustained by the general weight of authority. In re Seward Dredging Co., 242 Fed. 225, 155 C. C. A. 65; Alberson v. Elk Creek Min. Co., 39 Or. 552, 65 Pac. 978; Gasaway v. Thomas, 56 Wash. 77, 105 Pac. 168, 20 Ann. Cas. 1337; Landigan v. Mayer, 32 Or. 245, 51 Pac. 649, 67 Am. St. Rep. 521; Henkle v. Dillon, 15 Or. 610, 17 Pac. 148; Bunday v. Columbus Machine Co., 143 Mich. 10, 106 N. W. 397, 5 L. R. A. (N. S.) 475; Blanchard v. Eureka Plan. M. Co., 58 Or. 37, 113 Pac. 55, 37 L. R. A. (N. S.) 133; Lawton P. B. & T. Co. v. Ross-Kellar, etc. Co., 33 Okl. 59, 124 Pac. 43, 149 L. R. A. (N. S.) 395; Monitor Drill Co. v. Mercer, 163 Fed. 943, 90 C C. A. 303, 20 L. R. A. (N. S.) 1065, 16 Ann. Cas. 214; Maxson v. Ashland Iron Works, 85 Or. 345, 166 Pac. 37, 167 Pac. 271.

One dollar damages may be awarded the intervener for withholding said property, together with its costs. Findings and decree may be prepared in favor of the intervener as above stated.