Argued at Pendleton October 29, modified and affirmed December 3, 1918.

# LEES *v.* HOBSON.

(176 Pac. 196.)

**Fixtures—Mortgagee—Agreement Between Landlord and Tenant.**

1.   While an agreement between the owner of a lot and the tenant that a building be regarded as personalty is valid and binding as between them, it is not binding on an innocent purchaser or mortgagee, without notice or knowledge of such agreement.

**Judgment—Res Judicata—Action for Possession—Title.**

2.   In an action to replevin a building as personalty, where a mortgagee of the land was not made a party, mortgagee's paramount right to have the building remain on the land could not be adjudicated.

**Parties—Real Party in Interest.**

3.   In an action by a mortgagee to enjoin the removal of a building from land, in accordance with a decree in a replevin action between the owner and a tenant, in which sureties on the bond on appeal of a defeated party in the replevin action are made defendants, such defendants, and not plaintiff, are parties in interest, and plaintiff cannot enjoin defendants from enforcing execution against the sureties, under Section 392, L. O. L.; such sureties not appearing or asking for any relief.

> [As to mortgagee's right of action against third persons for removing fixtures, see note in 13 Am. St. Rep. 153.]

From Malheur: DALTON BIGGS, Judge.

In Banc.

This is a suit to enjoin the removal of a brick building from a lot in the City of Ontario, and to enjoin execution against the sureties upon an appeal bond.

The history of the case is about as follows: Hobson entered into a contract with Florence O'Connor, whereby he agreed to sell to her what they termed fixtures on the real property involved, consisting of a brick building and appurtenances, retaining title thereto until the purchase price was fully paid, in specified installments. The purchaser having failed to make the payments, Hobson commenced an action to recover

possession of the property, and in a trial to a jury, recovered a judgment for the return of the property, or its value; the value of the building being fixed at $320. The case was appealed to this court, which affirmed the judgment: *Hobson* v. *O'Connor,* 76 Or. 394 (149 Pac. 83). Upon that appeal, O'Connor gave a supersedeas bond, and the mandate of this court directed a judgment against the sureties, as well as the defendant. Thereafter, the defendant undertook to return the property, including the building, to the prevailing party, whereupon, L. Belle Lees began this suit. From the complaint, and the stipulated facts, it appears that on February 5, 1910, Frank R. Welch, the owner of the lot mortgaged the same to one Allison, to secure the payment of a promissory note in the sum of $1,500, and the mortgage was promptly recorded. The record does not disclose the date of the erection of the building, but it does appear that after its construction, and on September 5, 1911, the plaintiff herein purchased the mortgage from Allison, without any notice or knowledge that there was any understanding or agreement to treat the building as personalty. The note and mortgage are still unpaid and unsatisfied.

The trial court made and entered a decree enjoining the defendants from removing the building, and also enjoining them from proceeding against the sureties upon the supersedeas bond. Defendants appeal.

MODIFIED AND AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. C. McGonagill.*

For respondent there was a brief and an oral argument by *Mr. William E. Lees.*

BENSON, J.—1. It is so well established as to call for no citation of authorities, that while an agreement

between the owner of the lot and the tenant, that the building is to be regarded as personalty, is valid and binding, it is equally true that an innocent purchaser, without notice or knowledge of such agreement, cannot be bound thereby. In *Landigan* v. *Mayer,* 32 Or. 245, (51 Pac. 649, 67 Am. St. Rep. 521), we find this language:

"A mortgage is *pro tanto* a purchase, and the *bona fide* mortgagee or assignee of the mortgage, without notice of a prior claim, is entitled to the same protection as a *bona fide* grantee without notice."

2. It is also true that a replevin action, being primarily a possessory action, cannot be sustained for the purpose of trying the right of property: 34 Cyc. 1354; *Taggart* v. *Hart,* Brayt. (Vt.) 215.

The judgment in the former case, to which neither the plaintiff nor her assignor were parties, merely determined that as between the plaintiff and defendant therein, the plaintiff was entitled to the immediate possession of the building, or, if such possession could not be had, to its value as determined by the jury. This plaintiff's paramount right was not in question, and could not be adjudicated. It follows that the trial court did not err in restraining defendants from removing the building and thereby impairing plaintiff's security.

3. That portion of the decree which enjoins defendants from enforcing the judgment against the sureties on the *supersedeas* bond is in a different situation. The sureties are made defendants, and, so far as disclosed by the record, have made no appearance in the case, and have not asked for any relief. Upon this subject, they are the parties in interest, and the plaintiff can have no concern with the effect of the judgment upon them: Section 392, L. O. L.

The decree of the lower court will be modified by eliminating the restraining order so far as it relates to proceedings against the sureties upon the appeal bond, and in other respects it is affirmed.

'MODIFIED AND AFFIRMED.

HARRIS, J., absent.