Argued at Pendleton May 7; affirmed May 29; rehearing denied
June 12, 1934

# KNIGHT *v.* POTTER
### (32 P. (2d) 1014)

*E. O. Smith,* of Ontario (Smith & Smith, of Ontario, on the brief), for appellant.

*Robert E. Lees,* of Ontario, for respondent.

CAMPBELL, J.   On February 1, 1928, plaintiff leased to defendant certain premises situate in Ontario, Oregon, for a term of three years at a monthly rental of $150 per month. The defendant occupied the building during said term and held over until July, 1932, when he surrendered possession. He paid the full rent of $150 per month up to March 1, 1932, and plaintiff seeks to recover $600 for the four months from March 1 to July 1, 1932.

For a second cause of action, plaintiff alleges in effect that defendant, before surrendering possession of the premises, removed therefrom certain wiring and fixtures damaging the building to the extent of $900.

Defendant, in his answer, admits the occupancy of the building during the time alleged in the complaint; admits that before surrendering possession of the premises he removed certain electric wiring and toilet fixtures therefrom, but alleges that such wiring and fixtures were his property and did not belong to the plaintiff.

For a further and separate answer, and by way of counterclaim, defendant alleged in effect, that the original rental of the premises was for the purpose of a theater for the exhibition of motion pictures; that before the expiration of the term such exhibitions were completely superseded by the sound motion pictures for which the building was altogether unsuited; that his occupancy of the premises, at all times after the expiration of the original term, was by virtue of an express verbal agreement on the part of plaintiff to remodel the building so as to make it suitable for the exhibition of sound motion pictures; that in December,

1930, plaintiff expressly agreed to do such remodeling but avoided compliance with his contract although he, from time to time thereafter, repeatedly promised to have such alterations made; that defendant relying on such promises continued to pay the full rental until March, 1932, and thereafter refused to pay said or any rental until plaintiff complied with his agreement; that on June 30, 1932, realizing that plaintiff did not intend to comply with said agreement, he thereupon surrendered possession of the premises to plaintiff. He also alleges that he endeavored to use said premises as a motion picture theater until June 16, 1931, when he abandoned its use for such purpose and thereafter until the date of surrender he used it only for storage purposes; that while he used it as a motion picture house the reasonable rental value did not exceed $50 per month; that as a storage building the reasonable rental value was only $10 per month. He, therefore, seeks to recover the sum of $1,580 being the difference between what he paid and what he alleges the premises were reasonably worth.

Plaintiff, in his reply, denied all the new matter in defendant's answer.

The cause came on for trial before a jury. When plaintiff rested his case, and defendant was about to introduce evidence in support of the counterclaim, plaintiff objected to the introduction of any evidence thereon for the reason that the allegations in the counterclaim did not state facts sufficient to constitute a defense or counterclaim to plaintiff's cause of action. This objection was overruled and an exception allowed. Again, after all the testimony was submitted, plaintiff moved the court to direct the jury to find a verdict for plaintiff so far as defendant's counterclaim was concerned. This motion was also overruled and an exception allowed. The cause was then submitted to the jury

who returned a verdict in favor of defendant in the sum of $150, on which judgment was entered. Plaintiff appeals.

There were no exceptions taken to any of the instructions of the court.

The only error presented by the record is: Did the court err in overruling plaintiff's objection to the introduction of any testimony in support of defendant's counterclaim? This raises the question, do the allegations in defendant's counterclaim state facts sufficient to constitute a defense or counterclaim to plaintiff's cause of action? The same question was raised on the motion for a directed verdict.

There is no fraud involved. It is simply a question of breach of contract. It is immaterial whether we should consider the holding over of defendant as a tenancy from year to year or one from month to month, a matter usually to be determined by the facts in each individual case; the fact is that defendant did occupy the premises for a period of seventeen months, as he claims under an agreement to remodel.

The contention of appellant is that because respondent held over he could only occupy the premises by a compliance with all the terms and conditions of the original lease and that, being in writing, parol evidence was inadmissible to vary its terms.

Respondent contends, and so alleges in his answer and introduced evidence tending to prove, that his occupancy, during all the time after the expiration of the term of the original lease, was by virtue of a new express verbal agreement. Thus it is not an attempt to vary the terms of a written instrument but to establish a subsequent verbal agreement as modifying the writing. This defense respondent had a right to interpose: *Watson v. Janion*, 6 Or. 137; *Probst v. Hanley*, 94 Or. 397 (185 P. 766). The burden of proof is on

defendant to establish that fact. But, there being competent evidence in its support, it needs no citation of authority to say it becomes a question for the jury and not for the court.

"If a lessor fails to comply with his covenant or agreement to make improvements, he is liable to the lessee for consequential damages, and when the tenant is sued for rent he may, where the doctrine of recoupment prevails, recoup his damages resulting from the breach of the lessor's agreement. As a general rule the measure of damages for a breach of the lessor's covenant to make such improvements is the difference between the rental value of the leased premises with the improvements and their rental value without such improvements." 16 R. C. L. 793.

"The covenants of the landlord to repair and the tenant to pay rent are, as a general rule, considered as independent, and the lessor's failure to perform his covenant is not a bar to his recovery of rent so long as the tenant remains in possession. The tenant may, however, where the doctrine of recoupment prevails, recoup his damages resulting from the landlord's breach of his agreement." 16 R. C. L. 943.

"Considering first in this connection, the landlord's covenant to make repairs or improvements upon the leased premises, the decisions are generally to the effect that this covenant, and that for the payment of rent, are independent and that consequently its breach by the landlord will constitute no defense to the claim of rent. The tenant's remedy for such breach is either himself to make the repairs or improvements and recover their value, or, perhaps, to assert his outlay as a payment pro tanto on the rent, or, without making the repairs to assert a claim for damages resulting from the breach of covenant either by a cross action or by way of recoupment." 1 Tiffany on Landlord and Tenant 1237.

"If the covenant requires the landlord to make certain alterations or repairs before the tenant takes possession, the obligation to do so is a condition prec-

edent which must be performed by the lessor or the tenant by declining to enter into possession will be discharged from liability.

"If, however, the tenant does enter into possession, knowing that the covenant has not been performed, he may sue for damages for the breach, or waive it as a condition precedent and insist upon its performance as he would an ordinary covenant to alter or repair." 1 McAdam on Landlord and Tenant 461.

"Or, the lessee, instead of making the repairs, may charge the landlord with the diminished value of the premises in consequence of the want of them, or, in other words, with the difference between the rental value of the premises as they are and their rental value in a proper state of repair; and if the contract be made for a particular use the rental value for that use will be the standard." 1 McAdam on Landlord and Tenant 462.

■■ The question regarding the removal of fixtures and some other matters, suggested as error in the brief, were properly submitted to the jury under instructions to which no exceptions were taken. Whether a fixture becomes a part of the realty is determined by the facts in each particular case. The usual criteria being: "First, annexation to the realty either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected, is appropriated; and third, intention to make the article a permanent accession to the freehold." 11 R. C. L. 1159. And these three elements are necessary: *Henkle v. Dillon,* 15 Or. 610 (17 P. 148); *Landigan v. Mayer,* 32 Or. 245 (51 P. 649, 67 Am. St. Rep. 521).

Finding no error, the judgment of the circuit court will be affirmed. It is so ordered.

RAND, C. J., and BEAN and BAILEY, JJ., concur.